Day, J.
 

 The sole question presented for our determination is whether the loss is covered by the terms of the policy.
 

 Item 7 of the declarations of the policy reads: “The insurance granted by this policy, including such dam-' age as is covered hereby, shall apply specifically as follows: * * * (b) Inside the chest or compartment in safe No. 1 — $500 * * V’
 

 The pertinent portion of paragraph D of the conditions of the “Insuring Agreements” reads: “The company shall not be liable under Sections (b) or (d) of item 7 of the declarations, for the loss of property from within the chest or compartment contained in any safe, unless both the safe and the chest or compartment shall have been entered in the manner specified in Insuring Agreement I * * *.”
 

 By “Insuring Agreement” I, the insurer contracts: “To indemnify the assured for all loss by burglary
 
 *290
 
 of money and securities * * * from within any safe or vault described in items 9 or 10 of the declarations, occasioned by any person or persons making felonious entry into such safe or vault by actual force and violence, of which force and violence there shall be visible marks made upon such safe or vault by tools, explosives, electricity or chemicals, while such safe or vault is duly closed and locked and located in the assured’s premises, or while located elsewhere after removal therefrom by burglars.”
 

 The insurer contends that the steel chest, equipped, with a combination lock, and not the key-locked wooden compartment, was the depository designated by the policy in which the money was to be kept, arguing that the terms “chest” and “compartment” were synonymously used in the policy. The insured, however, contends that, under the provisions of the policy hereinabove quoted, the compartment was as much a designated depository as was the chest for the safekeeping of its money, and that the terms “chest” and “compartment” were used in an alternative and not in a synonymous sense.
 

 The question at issue must, therefore, be resolved by a construction of the phrase “chest or compartment” as used in the policy. If the terms were synonymously used, then there is no liability, but if used in an alternative sense, then liability attaches.
 

 It is a rule of construction generally followed that where an insurance contract is so drawn as to be equivocal, uncertain or ambiguous, and be fairly susceptible to two or more different but sensible and reasonable constructions, the one will be adopted which, if consistent with the objects of the insurance, is most favorable to the insured.
 
 Great American Mutual Indemnity Co.
 
 v.
 
 Jones,
 
 111 Ohio St., 84, 144 N. E., 596, 35 A. L. R., 1023; 22 Ohio Jurisprudence, 340, Section 185; 1 Couch Cyclopedia of Insurance Law, 375, Section 188.
 

 
 *291
 
 Is the phrase “chest or compartment” ambiguously used? We are of the opinion that it is. It is susceptible of two different but sensible and reasonable constructions. The terms “chest” and “compartment” may be interpreted as having an identical meaning and also as having alternative meanings. The ambiguity arises from the careless use of the word “or,” which may sometimes be used to connect words having the same meaning, as, for example, “that figure is a sphere, or a globe, or a ball,” and may sometimes also be used to connect words having a different meaning. See Brown’s The Grammar of English Grammars, page 431, Obs. 8. The word “or” may be used in the sense of “that is” and it may be used in the sense of “either — or.”
 

 If it was the intention of the insurer to limit its liability to a loss of money from the chest only, it was within its power, as drafter of the policy, to use language more expressive and less ambiguous. An insurer will not be permitted to benefit from an ambiguity of his own creation.
 

 Following the rule of construction above stated, the term “chest” and the term “compartment” must be held to have been used in an alternative and not in a synonymous sense. As thus construed, the insured is entitled to recover on its policy of insurance.
 

 Where a policy of burglary insurance is issued to indemnify an insured against loss from “inside the chest or compartment” of a safe therein described, the terms “chest” and “compartment” will be held to have been used in an alternative sense, and money placed by the insured for safe keeping in either depository will be deemed protected by the policy.
 

 The judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Williams, Myers and Hart, JJ., concur.