**Marcella M. GETTINS et al.,
Appellants,**

v.

**UNITED STATES LIFE INSURANCE
COMPANY, Appellee.**

**No. 12239.**

United States Court of Appeals,
Sixth Circuit.

April 15, 1955.

Miller, Circuit Judge, dissented.

Donal E. Hummer, Toledo, Ohio, Marshall, Melhorn, Bloch & Belt, Toledo, Ohio, on brief, for appellants.

Melvin P. Lewis, Toledo, Ohio, Doyle, Lewis & Warner, Toledo, Ohio, on brief, for appellee.

Before MARTIN, MILLER and STEWART, Circuit Judges.

STEWART, Circuit Judge.

This action was brought by appellants as beneficiaries under an alleged contract of insurance upon the life of Frederick T. Gettins, Jr. In an extensive oral opinion the district judge concluded that no valid insurance contract was in effect at the time of Gettins' death and accordingly directed a verdict for the appellee insurance company.

The facts are substantially undisputed. On May 19, 1953, appellee's agent came to Gettins' office for the purpose of trying to sell him a policy of life insurance. The visit was a successful one from the agent's point of view, because Gettins decided to purchase a $25,000 convertible policy. Gettins signed an application for the insurance and gave the agent his check payable to the appellee company to cover the first year's premium. The agent gave Gettins a receipt. A third person present during the interview tes-

tified that in the presence of Gettins the agent, in response to a question, stated that the insurance policy was effective immediately.

The application for insurance consisted of two parts, "Part A" and "Part B," the latter requiring a medical examination before it could be completed. It is conceded that the receipt given Gettins contained the following language: "said insurance to be effective from the date of Part A or Part B, whichever is later * * *."

The agent arranged an appointment for a medical examination of Gettins the next day, and delivered "Part B" of the application to the physician who was to make the examination. Gettins did not keep this appointment. Several days later, Gettins made another appointment with the same physician for a medical examination, which he also failed to keep. So far as the record reveals, Gettins was in good health.

On June 19, 1953, Gettins died from injuries received in an automobile accident the previous day. The appellee company refused to pay any amount of insurance to appellants as beneficiaries and made a tender of the amount of the premium paid by Gettins.

Appellants concede that the receipt provided that the contract should not be effective until a medical examination was completed, and that no medical examination was had. They contend, however, that the requirement of a medical examination was waived if the agent said in the presence of Gettins, that the policy was immediately effective, and Gettins acted in reliance on that statement in not submitting to a medical examination promptly after executing the application. The appellants insist that they were entitled to have a jury pass upon these questions. Our decision must be governed by the law of Ohio, if controlling Ohio law can be found.

As recognized by the trial court, no difficulty is presented by the fact that the insurance company never delivered a policy to Gettins. It is settled in Ohio that insurance can be effective immediately upon payment of the premium and issuance of a receipt, if the parties so intend. Duncan v. John Hancock Mutual Life Ins. Co., 1940, 137 Ohio St. 441, 31 N.E.2d 88. Such temporary insurance remains in effect until the company rejects the application, although no notice to the insured of such rejection is necessary to effect termination. Leube v. Prudential Ins. Co. of America, 1947, 147 Ohio St. 450, 72 N.E.2d 76, 2 A.L. R.2d 936.

[3] The question here, however, seems far from well-settled by the Supreme Court of Ohio. "There is no doubt that confusion exists in the reported cases of this state respecting the authority of insurance agents to waive conditions in life and fire insurance policies." John Hancock Mutual Life Ins. Co. v. Luzio, 1931, 123 Ohio St. 616, 621, 176 N.E. 446, 449. The Luzio case does make clear that both by custom and the law of Ohio soliciting agents of life insurance companies have substantially less authority than do agents of fire insurance companies to alter or waive the conditions of the insurance contract.

What is here in issue, however, is not the actual authority of the agent, but whether the insurer may be bound by the unauthorized act of its agent upon which the decedent in good faith relied. The confusion on that subject is well-illustrated by a comparison of the Luzio case with Shields v. Supreme Council of Royal Arcanum, 1930, 123 Ohio St. 31, 173 N.E. 731, decided by the same court six months previously. In Luzio it was held that the insurance company was not bound by an attempted waiver by its soliciting agent of a condition providing that the policy should not take effect unless the insured were in sound health at the date of the policy. In Shields it was held that the insurer had waived its right to forfeiture of the policy because of default in the payment of a premium, by reason of the conduct of its "local collector" acting "within the apparent scope of his authority."

Perhaps because of the apparent inconsistency in the Ohio Supreme Court decisions. the trial court turned to other jurisdictions and, in directing a verdict for the appellee, relied primarily upon two federal cases decided under the laws of Utah and Colorado, respectively. Mofrad v. New York Life Ins. Co., 10 Cir., 1953, 206 F.2d 491; Corn v. United American Life Ins. Co., D.C.Colo.1952, 104 F.Supp. 612. In each of those two cases the courts pointed out the absence of evidence to show that the applicant was misled into believing that the policy would be effective prior to a medical examination. By contrast it is the existence of such evidence upon which appellants rely in the present case.

In any event we think it unnecessary to go beyond the law of Ohio to determine the question here in issue. In our view the controlling answer in this case, albeit in a somewhat cryptic form, is to be found in a decision of the Ohio Court of Appeals for Cuyahoga County, Peponis v. John Hancock Mutual Life Ins. Co., 1942, 37 Ohio Law Abs. 386; 47 N.E. 2d 251. In that case the state appellate court affirmed a judgment of the Municipal Court of Cleveland against the insurance company. The difficulty lies in the fact that the court filed no opinion, and both the facts and the law of the case must therefore be gleaned from the dissenting opinion.

It appears that the plaintiff's decedent in that case signed an application for a life insurance policy and paid the first year's premium to the soliciting agent, who turned it in to the company's branch office in Cleveland. The application consisted of two parts, a "Statement to be made by applicant" and a "Medical Inspection Report." Certain questions in the "Statement to be made by applicant" were not answered, and no medical examination was made, so that the "Medical Inspection Report," which was on the reverse side of the applicant's statement, was entirely blank. Plaintiff's decedent died before the application was completed or submitted to the insurance company.

The witnesses who testified for the plaintiffs both claimed that the insurance agent waived the necessity for a medical examination, and that the policy was to be given immediately if she paid the premium. However, the application clearly provided that the insurance would be in force only if the application was approved at the home office of the company, and that only certain officers of the company could make or modify contracts or waive any conditions of a contract, and that no soliciting agent was authorized to accept risks or to pass upon insurability.

The reasoning of the dissenting opinion is contained in the following quotation: "The application never reached the Home Office and, as above stated, was never completed in several respects. How is it possible therefore to fix liability upon the company until there is a binding contract between the parties? Can it be said that the mere receiving payment in advance is sufficient without more to fix the company's liability even though they have never received a complete application, or had the opportunity to approve or disapprove it at the Home Office in the manner provided for on the face of the application? To so hold is to enforce contractual obligations upon one of the parties where by the plain terms of the application no binding obligation has yet been established."

Obviously the majority of the Ohio Court of Appeals rejected this reasoning, and the Supreme Court of Ohio refused to review the court's judgment. See 1942, 37 Ohio Law Abs. 386; 47 N.E. 2d 251.

In the Shields and Luzio cases the Ohio Supreme Court has in effect said that a limited agent of a life insurance company can waive some conditions of the insurance contract, e. g., forfeiture for nonpayment of a premium, but cannot waive others, e. g., that the insured be in sound health at the time of the policy. The Luzio case did not purport to overrule the Shields case; indeed the opinion in the Luzio case did not even

mention the Shields decision. Therefore, all we are left with is that a limited agent by his conduct within the apparent scope of his authority can waive some conditions and cannot waive others. Neither the Luzio case nor the Shields case involved waiver of the condition involved in the present case, i. e., a medical examination.

■ The Peponis case did involve that very condition. It must be assumed that the Court of Appeals for Cuyahoga County was familiar with the prior cases decided by the Ohio Supreme Court. Since the Supreme Court has only held that some conditions can be waived and others cannot, we conclude that it has made no decision on the particular question involved in the present case. On the other hand, the Court of Appeals for Cuyahoga County appears to have supplied a controlling answer to the question here in issue. That being so, we are bound by it, until or unless the Supreme Court of Ohio gives a contrary answer. In these circumstances, it is not for us to exercise our independent judgment, to look to other jurisdictions, or to speculate as to what the Supreme Court of Ohio might some day decide. West v. American Telephone & Telegraph Co., 1940, 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139.

■ It follows that the appellants were entitled to have a jury determine the issues in question. The judgment of the district court is accordingly reversed, and the case is remanded for a new trial.

MILLER, Circuit Judge (dissenting).

I am of the opinion that under the rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, this case is controlled by the ruling of the Ohio Supreme Court in John Hancock Mutual Life Ins. Co. v. Luzio, 123 Ohio St. 616, 176 N.E. 446, 447. The applicable law established by that case, using the syllabus rule in effect in Ohio, is contained in Paragraph 4 of the syllabus reading as follows:

"One who is employed as soliciting agent, whose sole authority is to solicit insurance and to report to his principal the information which the applicant has given him, cannot, without proof of authority so to do, waive a condition in the policy providing that it shall not take effect unless the insured be alive and in sound health at the date of the policy."

The provision in the policy in the present case, that the applicant undergo a satisfactory medical examination before the policy became effective, is of the same character as the provision in the policy in the Luzio case, and stronger in favor of the insurance company. In my opinion, it is necessarily covered by the rule of the Luzio case.

Peponis v. John Hancock Mutual Life Ins. Co., Ohio App., 47 N.E.2d 251, relied upon by the majority opinion, is from an inferior court and, if in conflict, is not controlling. I am not in accord with the construction given to that ruling by my colleagues. In the absence of a recorded opinion by either the trial court or the Court of Appeals in that case, and with no transcript of the evidence, or a copy of the instructions to the jury available, it is difficult to determine the exact issue therein presented and decided. I think the ruling was probably controlled by the fact that the failure to turn in a completed application to the office of the insurance company was the fault of the soliciting agent who carried the application away with him when he went on his vacation, from which he did not return until after the death of the applicant. Compare Bellak v. United Home Life Ins. Co., 6 Cir., 211 F.2d 280. That presents a different question from the one herein involved.

I would affirm the judgment of the District Court.