Gregg, Appellee, *v.* John Hancock Mutual Life Ins. Co., Appellant.

120

(No. 74-442—Decided July 9, 1975.)

*Mr. Warren P. Geiger*, for appellee.

*Messrs. Burgess, Fullmer, Parker & Steck, Mr. C. Richard Andrews* and *Mr. Jeffrey D. Fincun,* for appellant.

O'NEILL, C. J. Appellant company propounds four propositions of law, contending therein that its agents could not waive the required medical examination nor the completion of the medical history portion of the application; that the testimony concerning the statements made by the agents as to coverage was inadmissible to prove existence of the contract; that no contract could become effective until completion of the medical examination; and that no contract could have arisen because the applicant's occupation as truck driver precluded the company from issuing a policy at the premium applied for.

At the outset, it should be observed that the subject of the instant appeal is not an insurance contract, but an application for insurance.

"In the law of insurance, an application * * * is a request for a contract of insurance to be issued to the applicant by an insurer. * * * Acceptance of the offer by the insurer is required for the completion of a contract of insurance." 1 Couch on Insurance 2d 308, Section 7:1.

The terms of the application and conditional receipt reproduced in the statement of facts indicate that the applicant's offer would be accepted and the insurance would become effective "on the date of completion of the latest of all required Parts A and B and medical examinations * * * acceptable under the company's rules for the premium class, amount and plan of insurance * * * applied for * * *."

Those provisions of the application and conditional receipt, in effect, are contractual conditions precedent to the acceptance by the company of the offer to purchase the insurance. The record shows that Part A was completed, Part B was signed but not filled in, and no medical examination was completed. Consequently, for appellee to prevail it would be necessary to find that the conditions contained in the application and conditional receipt could be and were waived by appellant's agents. Both the trial court and the Court of Appeals so found, basing their conclusions upon *Gettins* v. *United States Life Ins. Co.* (C. A. 6, 1955), 221 F. 2d 782.

The facts in *Gettins* closely parallel those in the instant case. A premium was paid, the applicant was told by the agent that the policy was effective immediately, the effectiveness of the insurance was predicated upon completion of a physical examination, and the applicant died before such examination was completed.

In *Gettins*, the following comments concerning Ohio law appear, at page 783:

"The question here, however, seems far from well-settled by the Supreme Court of Ohio. 'There is no doubt that confusion exists in the reported cases of this state respecting the authority of insurance agents to waive con-

ditions in life and fire insurance policies.' *John Hancock Mutual Life Ins. Co.* v. *Luzio,* [1931], 123 Ohio St. 616, 621, 176 N. E. 446, 449. The *Luzio* case does make clear that both by custom and the law of Ohio soliciting agents of life insurance companies have substantially less authority than do agents of fire insurance companies to alter or waive the conditions of the insurance contract.

''What is here in issue, however, is not the actual authority of the agent, but whether the insurer may be bound by the unauthorized act of its agent upon which the decedent in good faith relied. The confusion on that subject is well-illustrated by a comparison of the *Luzio* case with *Shields* v. *Supreme Council of Royal Arcanum* [1930], 123 Ohio St. 31, 173 N. E. 731, decided by the same court six months previously. In *Luzio* it was held that the insurance company was not bound by an attempted waiver by its soliciting agent of a condition providing that the policy should not take effect unless the insured were in sound health at the date of the policy. In *Shields* it was held that the insurer waived its right to forfeiture of the policy because of default in the payment of a premium, by reason of the conduct of its 'local collector' acting 'within the apparent scope of his authority.' ''

The United States Court of Appeals then followed an Ohio Court of Appeals case, *Peponis* v. *John Hancock Mutual Life Ins. Co.* (1942), 37 Ohio Law Abs. 386, wherein, on similar facts, the insurance company was held liable and a motion to certify the record was overruled.

Here, as in the *Luzio* case. ''[t]here was no proof that * * * [agent] had any other authority—none to waive material conditions in the policy he sold.'' (123 Ohio St. 616, 628.)

In the application, the agent's authority is specifically limited by the language stating that company agents are not authorized to ''* * * waive or change any of the conditions or provisions of any application, policy or receipt * * *.'' Terminology similar to this was given effect by the Supreme Court of Virginia in *Elliott* v. *Interstate Life & Accident Co.* (1970), 211 Va. 240, 176 S. E. 2d 314.

In answer to the argument that the agent's representation to the applicant that the insurance "was in force" should bind the defendant-company, the court, in *Elliott,* said, at page 245:

"To adopt this position would require us to ignore the plain and unambiguous language of the application in which Hamner's limited authority was brought to Mr. Elliott's attention. The clear effect of this language was to put Mr. Elliott on notice that no coverage was effected until such time as ' . . . in the opinion of the authorized officers of the company at its home office in Chattanooga, Tennessee, the persons proposed for insurance under the rules and practices on the plan of insurance, for the amount of insurance, and at the premium rate set forth in the application.'

"Even accepting, as we must, plaintiff's testimony that Hamner told her that the coverage was in effect because the premium had been paid, the clear and undisputed evidence shows that Hamner had no authority to bind defendant. Mr. Elliott and Hamner were both aware of this lack of authority."

This court is of the opinion that the language of the application, limiting the authority of the agent, effectively prohibited the agents from binding the appellant to an insurance contract upon terms other than those expressed in the application and receipt.

The judgment of the Court of Appeals is reversed and final judgment is rendered for appellant.

*Judgment reversed.*

HERBERT, CORRIGAN, STERN and P. BROWN, JJ., concur.
CELEBREZZE and W. BROWN, JJ., dissent.