Patricia ROHDE, Plaintiff–Appellant,

v.

**MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,**
Defendant–Appellee.

No. 78–3582.

United States Court of Appeals,
Sixth Circuit.

Argued June 2, 1980.

Decided Oct. 13, 1980.

Michael R. Kube, Tricarichi, Carnes & Kube, Cleveland, Ohio, for plaintiff–appellant.

C. Richard Andrews, Burgess, Fullmer, Parker, Steck & Andrews, Cleveland, Ohio, for defendant–appellee.

Before LIVELY and BOYCE F. MARTIN, Jr., Circuit Judges, and PECK, Senior Circuit Judge.

JOHN W. PECK, Senior Circuit Judge.

This is a diversity action under Ohio law in which the district court entered judgment for the defendant insurance company declaring that no insurance contract existed

on the life of plaintiff's deceased husband. Plaintiff contends that defendant's bad faith determination that her husband was an unacceptable risk entitles her, as beneficiary, to recover the full value of the insurance policy applied for by her husband. We agree and reverse the judgment of the district court.

## I

Plaintiff is the widow of a man who applied for life insurance, arranged for payment of the initial premium, and took the required physical examination all on the same day. In exchange for these acts, defendant's agent completed a form designated as a "Conditional Receipt." [1] This form contained a promise by the defendant to insure the applicant under the policy sought, effective the latest date on which the applicant completed the application and physical examination. The receipt further stated that defendant had no obligation except to return payment unless the company determined that as of the completion of the physical and application the applicant was an acceptable risk under its "limits, rules, and standards."

The same day that the defendant applied for life insurance he died of an apparent heart attack. Acting under the condition of the receipt requiring the defendant to determine whether the applicant was an acceptable risk, the defendant investigated the application of plaintiff's husband and determined that the deceased had been uninsurable for the policy sought. Accordingly, defendant denied liability under the agreement with the decedent and returned the premium payment to plaintiff.

## II

An application for life insurance is an offer to purchase a policy and the insurer must accept before a contract exists. During the time the offer is outstanding and unaccepted the applicant has the power to revoke the offer. Such revocation would not only deny the insurer the right to accept and complete a sale, but also would be likely to cause the insurer to lose the expense of processing and investigating an application.

Insurers discourage or prevent the revocation of offers by use of conditional receipts or "binders" that give the insurer the option of ultimately accepting or rejecting the offer while making the offer irrevocable by conditionally accepting it. The most straightforward of these binders accept the offer and, as consideration for the applicant's promise to purchase insurance, create immediate insurance for the applicant while reserving a right of the insurer to cancel all insurance after an opportunity to investigate the application.

The more prevalent form of binder, however, seeks to make the applicant's offer irrevocable without giving the applicant interim insurance in exchange. *See 7 Williston on Contracts*, § 902A, pp. 197–203 (3d. ed. 1963). In this form insurance is promised to begin as of the date of the application or receipt subject to the qualification that the application must first be accepted or approved before any coverage begins. With these two provisions standing side–by–side in the binder, all that the applicant actually receives in exchange for his promise to purchase is the possibility of interim

1. The portions of defendant's receipt relevant to this appeal read as follows:

   *This Conditional Receipt does not create temporary or interim insurance, and does not provide any coverage except as provided herein. This payment is made and accepted subject to the limits provision on the reverse side and to the following terms and conditions:*
   If:
   ... 2. the Company determines that, as of the latest of the dates of all required parts of the application, initially required medical ex-

amination ... and tests, each person proposed for insurance was a risk acceptable under the limits, rules and standards of the Company for the basic policy plan and sum insured ... then the insurance under the terms of the policy ... applied for shall take effect as of the latest of the dates of all required parts of the application, [and] medical examinations. ... *Unless all of the preceding conditions are met, there shall be no liability on the part of the Company except to return payment.*

insurance. If the insurer does not approve the application, then no coverage ever exists. Of course, by the time the insurer approves or rejects, it will be likely to know whether the applicant has incurred a covered loss and can exercise its option to reject. Thus, the possibility of interim coverage is largely illusory under this type of binder. Recognizing that such binders are confusing to applicants and that applicants generally would be unlikely to enter such bargains if they actually understood them, courts have tended to find that binders that condition liability on "approval" of the insurer are ambiguous and that the parties to such contracts actually intend interim insurance as consideration for the applicants' promises to purchase insurance if the insurer approves. *E. g., Leube v. Prudential Life Insurance Company of America,* 147 Ohio St. 450, 453, 72 N.E.2d 76 (1947).

Plaintiff in this case argues that the condition contained in defendant's receipt is ambiguous and that the receipt should be liberally construed to provide interim insurance for the applicant pending the defendant acting on the condition. We agree with the finding of the district court that this condition is unambiguous and cannot be construed to provide the applicant with coverage prior to defendant's determination that the applicant is "insurable."

Unlike conditions which make an insurer's liability depend solely on the insurer's approval of the application, the condition contained in defendant's receipt requires that the defendant determine whether the applicant meets limits, rules and standards of the defendant company regarding the policy sought by the applicant. This condition does not involve judgments based on subjective factors, but rather considerations of actuarial and medical prediction balanced against the company's ordinary risk assignment practices. The defendant's satisfaction or dissatisfaction with the risk represented by the applicant's offer must be based on a reasonable examination of the application. *See Schatzinger v. Lake View Land & Improvement Co.,* 23 O.C.D. 247, 250 (1910), *aff'd,* 87 Ohio St. 505, 102 N.E.

1126 (1912); *Clewell v. Toledo Metal Sign & Advertising Co.,* 34 O.C.D. 40, 42 (1903), *aff'd,* 71 Ohio St. 471, 74 N.E. 1134 (1904). The defendant's liability under the contract represented by the conditional receipt does not depend on the defendant's subjective approval. Rather, the defendant promised to be liable for a covered loss if the applicant was qualified on the date his application was completed. This promise was the consideration agreed to by the applicant for his promise to purchase the policy. Since the defendant's promise was not illusory and thus not inherently ambiguous, the cases cited by the plaintiff in arguing that defendant's receipt should be construed as a promise of interim insurance are inapposite. The defendant's receipt clearly stated that no interim insurance was provided and that coverage would become effective as of the date of the application only if the defendant found the applicant an acceptable risk under objective standards.

This conclusion is also responsive to plaintiff's argument that the condition of insurability is a condition subsequent, the occurrence of which terminates insurance arising upon completion of the application. Under Ohio law insurers may attach conditions precedent to liability. *See Gregg v. Insurance Co.,* 43 Ohio St.2d 119, 123, 330 N.E.2d 913 (1975). Cases cited by plaintiff finding conditions in insurance receipts to be conditions subsequent involve situations where sufficient ambiguity existed in the language of the receipt to warrant findings that the applicant could have believed that he received immediate temporary insurance. Defendant's receipt in the present case clearly states that no interim insurance is provided until the occurrence of the condition that the defendant determine the applicant to be an acceptable risk. We agree with the district court that the second condition in defendant's conditional receipt is a condition precedent to liability of the defendant. There is no ambiguity either in the language of the agreement or in the consideration given by the defendant sufficient to warrant a finding that temporary insurance in fact existed upon completion of the application.

## III

Based on trial testimony and considering the entire record, the district court found that the defendant acted in bad faith and was without reasonable grounds in determining that plaintiff's husband failed to meet the requirements for the policy sought. The issue of defendant's good or bad faith is primarily a question of fact requiring an examination of defendant's intent or state of mind. *Occidental Life Insurance of California v. Bob LeRoy's, Inc.*, 413 F.2d 819, 822 (5th Cir. 1969). The district court had the opportunity to weigh the credibility of defendant's witnesses and was in a position to make the necessary inferences regarding defendant's intent. This court will overturn the finding of bad faith only if the record does not support that finding. We have examined the record and the opinion of the district court and find substantial support for the finding of bad faith on the part of the defendant.

Having found defendant's determination that the applicant was uninsurable to have been made in bad faith, the district court proceeded to determine what conclusion the defendant would have reached had it acted in good faith. Deciding that the defendant in good faith would have determined that the applicant was uninsurable under the standard policy applied for, the district court concluded that the defendant was not liable. This analysis fails to give defendant's bad faith determination of the applicant's uninsurability proper legal effect under Ohio law.

The defendant's good faith determination that the applicant meet the defendant's standards of insurability was a condition precedent to defendant's liability under the contract represented by the conditional receipt. When the defendant acted in bad faith and determined that the applicant failed to meet the defendant's standards, then the defendant's own act prevented the occurrence of the condition precedent. The nonoccurrence or nonperformance of a condition is excused where that failure of the condition is caused by the party against whom the condition operates to impose a duty. *Fire Assoc. of Philadelphia v. Appel*, 76 Ohio St. 1, 80 N.E. 952 (1907); *Hulett v. Fairbanks*, 40 Ohio St. 233 (1883). Defendant's failure to honor its obligation of good faith in exercising its right to examine the application deprives defendant of any benefit it might obtain from that condition. The fact that the defendant might have found the applicant uninsurable had the defendant acted in good faith is not relevant under Ohio law.

With the condition precedent of determining the applicant to be insurable deleted from the contract, all conditions precedent to defendant's liability were satisfied. By the terms of the contract agreed to by the defendant and the applicant when the receipt was completed the policy applied for became effective as of the day the applicant died and prior to his death. The defendant is therefore liable to the plaintiff in the full amount of the policy.

For these reasons we conclude that the judgment of the district court must be reversed and the case is remanded to the district court for further proceedings consistent herewith.