*85
 
 Matthias, J.
 

 This action was brought to recover loss sustained by injury to plaintiff’s automobile, upon which plaintiff carried an insurance policy in the defendant company, and the question presented is whether the policy of insurance covers the cause of the accident resulting in such injury. A demurrer to the petition was overruled, and the same question was presented by answer. Upon trial, a jury having been waived, the court rendered judgment for plaintiff, which was affirmed by the Court of Appeals.
 

 The facts disclosed by the record are substantially as stated in the petition, and for the purpose of this decision may be regarded as conceded. The accident occurred while the plaintiff was driving his automobile on the brick road from Hamilton to Dayton in this state. ' Just after crossing a bridge the road curved sharply, which curve the driver, because of darkness, could not see and had no knowledge thereof, and in attempting to make the curve the automobile turned over. It is conceded that the automobile upset when the plaintiff “swerved around with the curve,” and that as a result of such turning over the automobile came into collision with the paved roadway, which caused the injury to plaintiff’s automobile for which he seeks to recover.
 

 The portion of the insurance policy, the construction and application whereof is involved, is as follows:
 

 “The Great American Mutual Indemnity Company * * * does hereby agree to * * * indemnify the assured against direct loss or damage to the body, machinery and equipment of each
 
 *86
 
 automobile * * * if caused while this policy is in force, by * * * (E) collision. Accidental collision with another object, either moving or stationary (excluding, however, under this clause only, ordinary breakage and all loss or damage by fire, arising by reason of accidental collision). Loss or damage to any tire due to puncture, cut, gash, blowout or other ordinary tire trouble, or in any event, loss or damage to any tire unless caused in an accidental collision which also caused other loss or damage to the insured automobile, shall not be covered hereby.”
 

 The primary question presented, therefore, is whether this injury resulted from “accidental collision with another object, either moving or stationary.” It is elementary that an insurance policy is a contract, and in the construction thereof, just as other contracts, words therein employed should be given their usual and ordinarily accepted meaning. It is settled also that “policies of insurance which are prepared by the insurance company and which are reasonably open to different interpretations will be construed most favorably to the insured.”
 
 Mumaw
 
 v.
 
 Western & Southern Life Ins. Co.,
 
 97 Ohio St., 1, 119 N. E., 132.
 

 Taking up for consideration the clause above quoted, it may be suggested that courts of last resort which have been called upon to construe that provision, or provisions of similar import, seem to be somewhat in conflict upon the question.
 

 At the outset it must be agreed that the meaning of the word “collision” is “the act of striking or dashing together; a striking together of two bodies, the meeting and mutual striking or clashing of
 
 *87
 
 two or more moving bodies or a moving body with a stationary one.” Tbe language of this policy is “accidental collision with another object, either moving or stationary.” The term “object,” according to the Century dictionary, includes “that which is put or which may be regarded as put in the way of some of the senses, something visible or tangible,” or, as the Standard dictionary defines it, “anything which comes within the cognizance or scrutiny of the senses; especially anything tangible or visible.” Was the forcible contact of the plaintiff’s automobile with the paved roadway, occasioned in the manner above stated, an “accidental collision with another object?’* One of the leading cases dealing with this question, and chiefly relied upon as an authority by counsel for plaintiff in error, is
 
 Bell
 
 v.
 
 American Ins. Co.,
 
 173 Wis,, 533, 181 N. W., 733, 14 A. L. R., 179. In that case the court held that an insurance policy covering accidental collision with any other object did not cover an injury to the owner’s car occurring while on the highway, when one side of the car gradually settled into the ground and the car toppled over, striking the ground, and that such casualty was not a “collision” as the word is commonly understood. However, the court in that case conceded that, applying the broad meaning of the term as given by lexicographers, a holding that such impact with the earth would constitute a collision seemed logical; but held that such would be a novel and unusual use and application of the word “collision.” This case has been followed and its reasoning and conclusion applied in the case of
 
 Moblad
 
 v.
 
 Western Indemnity Co.,
 
 53 Cal. App.,
 
 *88
 
 683, 200 Pac., 750, where it was held that where the edge of the roadway on which an automobile had swerved gave way, causing the automobile to overturn, the damage to the automobile coming in contact with the ground was not caused solely by collision with another object within the provisions of the policy; and also by the Supreme Court of Alabama in
 
 Continental Casualty Co.
 
 v.
 
 Paul,
 
 209 Ala., 166, 95 South., 814, where it was held that the phrase a “collision with any moving or stationary object,” as used in a policy insuring an automobile, did not include injuries caused by contact with the earth or an object in falling over an embankment along the highway. As above indicated the courts in those cases refused to apply the comprehensive definitions of the terms “collision” and “object,” as did also the court in the case of
 
 New Jersey Ins. Co.
 
 v.
 
 Young
 
 (C. C. A.), 290 Fed., 155, in which case the injury occurred as a result of the axle breaking and letting the oar down as it was being driven along the highway. In that case the court went so far as to hold that in the usual sense an accidental collision between an automobile and another object meant striking against something on the road, and suggested instances of such occurrences. The court reversed the holding of the district court, which is found in
 
 Young
 
 v.
 
 New Jersey Ins. Co.
 
 (C. C. A.), 284 Fed., 492, to the reasoning of which court we shall later refer.
 

 In several cases, courts of last resort have been called upon to define- the term “collision” and the term “object” as used, in insurance policies. The Supreme Court of Michigan in
 
 Universal Ser
 
 
 *89
 

 vice Co.
 
 v.
 
 American Ins. Co.,
 
 213 Mich., 523, 181 N. W., 1007, 14 A. L. R., 183, held that the injury to an auto truck by the scoop of a steam shovel, with which it was being loaded, accidentally falling upon it from above, came within the terms of the collision clause of the policy. That court cited some admiralty cases to the effect that the term “collision” applied whether both objects were in motion or only one of them, and adopted such reasoning in that case; and also held that the angle from which the violent contact of two bodies occurred was not important, and that in order to be a collision it was not necessary that the violent impact of two bodies should be upon the same level or plane.
 

 In the case of
 
 Harris
 
 v.
 
 American Casualty Co.,
 
 83 N. J. Law, 641, 85 Atl, 194, 44 L. R. A. (N. S.), 70, Ann. Cas., 1914B, 846, where the policy involved insured against loss or damage “resulting solely from collision with any moving or stationary object,” excluding, however, “damage resulting from collision due wholly or in part to upsets,” the court held that such clause of exclusion did “not operate to defeat recovery where an automobile ran off a highway bridge, was precipitated into the water below and landed at the bottom of the stream upside down — the collision not being due to the upset — the upset being rather the result of the collision.” That court took the view that the water of the stream, and the earth beneath it, with which the automobile came in forcible contact, were objects within the meaning of the policy, and that no words in the policy limited the meaning of the term “object” to objects in perpendicu
 
 *90
 
 lar position, or excluded those in horizontal position. In the consideration of that case the court suggested that if the automobile were driven along the road and reached a place where the highway bridge over a chasm had fallen away, by reason whereof the automobile was precipitated to the ground below, it could not be held that there could be no recovery under such circumstances, notwithstanding the damage to the automobile was caused by a collision with the flat earth instead of some upright or perpendicular object on the earth, for that would be to misconstrue the terms of the contract, concerning which there was no room for construction.
 

 In the case of
 
 Freiberger
 
 v.
 
 Globe Indemnity Co.,
 
 205 App. Div., 116, 199 N. Y. Supp., 310, the court, considering a policy in terms substantially like those in the instant case, held that a precipitation of an automobile to the pit of an elevator shaft, caused by the breaking of the cable of the elevator on which the automobile was being lowered, was an accidental collision with an object.
 

 Other cases have been cited which are not of much assistance in the consideration of this case because of the exclusion clause contained in the policy, such as
 
 Stuht
 
 v.
 
 U. S. Fidelity & Guaranty Co.,
 
 89 Wash., 93, 154 Pac., 137, which specifically excluded “upsets”;
 
 Hardenbergh
 
 v.
 
 Employers’ Liability Assur. Corp.,
 
 80 Misc. Rep., 522, 141 N. Y. Supp., 502, which had a clause excluding injuries caused by striking any portion of the roadbed, etc., and
 
 Hoosier Mutual Automobile Ins. Co.
 
 v.
 
 Lanam
 
 (Ind. App.), 137 N. E., 626, which excluded injuries resulting from “contact with the roadbed or side
 
 *91
 
 thereof.” In the policies to which we have just referred it is to be observed that it must have been regarded by the insurers that injuries as a result of coming in forcible contact with the roadbed were included in the term “collision,” and that the provision making an exception or exclusion was added in order to exempt the company from liability which otherwise would have been incurred by the general language employed. We would be more disposed to concur in the observations, reasoning and conclusion of the Wisconsin Supreme Court had not the insurer in the policy under consideration in this case inserted the words of exception and exclusion which strongly indicate the proposed construction and application of the terms “collision” and “object” in their broad and comprehensive sense as above defined.
 

 It is to be observed that, after covering “accidental collision with another object, either moving or stationary,” the company in language selected by itself, and employed in the contract proffered to and accepted by the assured, specifically excluded “ordinary breakage,” and also provided as follows: “Loss or damage to any tire due to puncture, cut, gash, blowout or other ordinary tire trouble, or in any event, loss or damage to any tire unless caused in an accidental collision which also causes other loss or damage to the insured automobile, shall not be covered hereby.” In this connection we deem the observations in the case of
 
 Young
 
 v.
 
 New Jersey Ins. Co.
 
 (D. C.), 284 Fed., 492, pertinent and forceful. After referring to the fact that some insurance companies ' in their policies have inserted express exclusions of contact with
 
 *92
 
 roadbed, or way, ditch, or gutter, and contacts with the earth or other object primarily due to upsets, the court observed:
 

 “None of these exclusions are in this policy, but there is a limited one of ‘loss or damage to any tire due to puncture, cut, gash, blowout, or other ordinary tire trouble,’ due to ‘being in accidental collision with any other automobile, vehicle or object’; that is, from the possible or probable meaning of ‘collision’ defendant expressly excluded tire damage from contact with glass, tacks, or stones, and other hard objects on the surface or imbedded and a part of the road or earth, or from contact with ruts, depressions, or other surface irregularities.
 

 “This must have been done, lest otherwise these' common incidents of an auto’s ordinary progress be held to be within the meaning of ‘collision,’ as used in this policy, and it is indicative that unexcluded contacts with road or earth, causing other than tire damage, were by the parties deemed to be within the meaning of the ‘collision clause’ aforesaid.”
 

 This situation calls for the application of the rule heretofore referred to, that policies of insurance, prepared by the insurance company, containing phraseology open to different interpretations, are to be considered most favorably to the assured. This rule is well stated by the court in the case of
 
 Harris
 
 v.
 
 American Casualty Co., supra,
 
 as follows:
 

 “Assuming that there is such ambiguity in the terms of the policy that would make it at least doubtful as to whether collision with water and land, horizontal objects, was within the terms of
 
 *93
 
 the policy, still, it is a familiar rule that the words used in. a policy of insurance should be interpreted most strongly against the insurer where the policy is so framed as to leave room for two constructions.” (Citing
 
 Liverpool & London & Globe Ins. Co.
 
 v.
 
 Kearney,
 
 180 U. S., 132, 21 Sup. Ct., 326,
 
 45 L.
 
 Ed., 460.)
 

 Taking into consideration the entire clause of the policy in question, and applying the meaning of the terms “collision” and “object” as they seem to us to have been construed by the company itself by the insertion of the exceptions and exclusions stated, we are of the opinion that the injury sustained by plaintiff was covered by the policy, and, therefore, that the judgment of the Court of Appeals should be affirmed.
 

 Judgment
 
 affirmedt
 

 Marsi-iail, C. J., Robinson, Day, and Aleen, J.X., concur.
 

 Jones, J., not participating.