KAPLYSH *v.* TAKIEDDINE ET AL.; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, APPELLANT; AGENCY RENT-A-CAR, APPELLEE.

[Cite as Kaplysh *v.* Takieddine (1988), 35 Ohio St. 3d 170.]

(No. 87-206—Decided February 17, 1988.)

*Meyers, Hentemann, Schneider & Rea Co., L.P.A.,* and *Henry A. Hentemann,* for appellant.

*McNeal, Schick, Archibald & Biro Co., L.P.A.,* and *Steve J. Handlovics,* for appellee.

LOCHER, J. The primary issues presented in this action are (1) whether Haifa Takieddine was a qualified licensed driver at the time of the accident and (2) whether the court of appeals erred in dismissing State Farm's cross-appeal. We hold in the negative on both issues and, accordingly, affirm the decision of the court of appeals.

As observed above, paragraph two of page two of the rental agreement states:

"Under no circumstances shall vehicle be used, operated or driven * * * (F) by any person except Renter, or a *qualified licensed driver* provided Renter's permission be first obtained." (Emphasis added.)

This paragraph serves as an exclusion to relieve Agency from its obligations to indemnify authorized operators pursuant to paragraph four of page two of the rental agreement. There is no dispute as to whether Haifa Takieddine had Rafik's permission to drive the vehicle at the time of the accident. Therefore, the ultimate query becomes whether Haifa Takieddine, as a driver with an expired driver's license, was a "qualified licensed driver," as the term is utilized in the rental agreement.

Appellant State Farm contends that the term "qualified licensed driver" was used in the rental agreement only to prevent the renter from allowing the automobile to be driven by one who had never been licensed or whose license had been revoked or suspended. State Farm then maintains that Haifa Takieddine was qualified to drive because her license had merely expired and was renewed without examination within four days of the accident. Thus, State Farm reasons, the rental agreement did not include her within the policy prohibition. State Farm further argues that because the agreement between Agency and Rafik Takieddine was a contract of adhesion,

the contract should be construed strictly against Agency as the insurer and in favor of Haifa Takieddine as the insured. We find these arguments to be unpersuasive.

It is well-established that language in a contract of insurance reasonably open to different interpretations will be construed liberally in favor of the insured and strictly against the insurer. *Faruque* v. *Provident Life & Acc. Ins. Co.* (1987), 31 Ohio St. 3d 34, 31 OBR 83, 508 N.E. 2d 949; *Great American Mut. Indemn. Co.* v. *Jones* (1924), 111 Ohio St. 84, 144 N.E. 596. However, State Farm urges this court to delve into the parties' intent and formulate our own meaning of this agreement when the words of the agreement are clear and unambiguous. "When the meaning of the contract can be fully and clearly ascertained from its own words, we are at liberty to go no further in search of aid in its interpretation." *Rose* v. *New York Life Ins. Co.* (1933), 127 Ohio St. 265, 273, 187 N.E. 859, 862. The rental vehicle in question was to be driven only by the renter or a qualified *licensed* driver with the permission of the renter. State Farm places great emphasis on the qualifications of Haifa Takieddine as a driver and the fact that she was able to renew her expired license four days after the accident without an examination.[1] Nevertheless, the contract provided that a driver not only be qualified, but also *licensed*. "It is elementary that an insurance policy is a contract, and in the construction thereof, just as other contracts, words therein employed should be given their usual and ordinarily accepted meaning." *Great American, supra,* at 86, 144 N.E. at 596.

The term "licensed" means: "1. having a license: permitted or authorized by license * * *." Webster's Third New International Dictionary (1981) 1304. Haifa Takieddine's license to drive expired on August 1, 1980, pursuant to R.C. 4507.09.[2] The word "expire" is defined as follows: "to come to an end: CEASE: * * * to reach a close (as of a period of time): TERMINATE * * *: to become void through the passage of time * * *." Webster's, *supra,* at 801. See, also, *Frontier-Embers Supper Club, Inc.* v. *Bd. of Liquor Control* (1960), 112 Ohio App. 325, 328, 15 O.O. 2d 393, 394, 172 N.E. 2d 717, 719. Likewise, Black's Law Dictionary (5 Ed. 1979) 519, defines the term "expiration" as: "Cessation; termination from mere lapse of time, as the expiration of a lease, insurance policy, statute, and the like. Coming to close; termination or end." Haifa Takieddine's license to drive expired twenty-one days before the accident of August 22, 1980. She was *not* a licensed driver.[3] The fact that she was

---

[1] Former R.C. 4507.10 provided in pertinent part:

"(B) The registrar may waive the examination of any person applying for the renewal of an operator's or chauffeur's license, or motorcycle operator's endorsement issued under Chapter 4507. of the Revised Code, provided that the applicant presents either an unexpired license or endorsement or a license or endorsement which has expired not more than six months prior to the date of application."

[2] Former R.C. 4507.09 provided in relevant part:

"Every operator's and chauffeur's license issued on and after January 1, 1973, shall expire on the birthday of the applicant in the fourth year after the date it is issued, but in no event shall any such license be issued for a period longer than four years.

[3] Haifa Takieddine was also in violation of former R.C. 4507.02 which stated in pertinent part:

"*No person,* except those expressly exempted under sections 4507.03, 4507.04, and 4507.05 of the Revised Code, *shall operate any motor vehicle* upon a highway or any public or private property used by

subsequently issued a license pursuant to R.C. 4507.10 is not relevant. R.C. 4507.10 empowers the Registrar of Motor Vehicles to waive, at his discretion, an examination of a person applying for a renewal of an operator's license. That statute does not serve to retroactively renew a previously expired license. Rafik Takieddine violated the terms of the rental agreement by permitting an unlicensed driver to operate the rented vehicle. The language of that contract is clear and this court will not inquire into the intent of the specific provision in question.[4] "Words which have a plain and commonly understood meaning ought not to be rationalized to a different meaning in an attempt to avoid the results of reading them as they are." *Travelers Indemn. Co.* v. *Reddick* (1974), 37 Ohio St. 2d 119, 124, 66 O.O. 2d 259, 262, 308 N.E. 2d 454, 457.

Finally, State Farm cites *Butche* v. *Ohio Cas. Ins. Co.* (1962), 174 Ohio St. 144, 21 O.O. 2d 418, 187 N.E. 2d 20, in support of its proposition that because the contract between Agency and Rafik Takieddine was one of adhesion, it should be liberally construed in favor of Haifa Takieddine. *Butche* states in paragraph three of the syllabus that: "Policies of insurance, which are in language selected by the insurer and which are *reasonably open to different interpretations,* will be construed most favorably for the insured." (Emphasis added.) This principle of law initially requires contractual language reasonably susceptible of different interpretations. As discussed above, the instant agreement is clear and unambiguous in its declaration that only the renter and qualified *licensed* drivers may operate the rental vehicle. With this rule of liberal construction in mind, we are also well aware that "it is axiomatic that this rule can not be employed 'to create ambiguity where there is none.' * * *" (Citation omitted.) *Dairyland Ins. Co.* v. *Finch* (1987), 32 Ohio St. 3d 360, 363, 513 N.E. 2d 1324, 1327.

Accordingly, we hold that because Haifa Takieddine was not a licensed driver at the time of the accident and because the rental agreement stated that only the renter and qualified *licensed* drivers could operate the rental vehicle, Agency is not required to indemnify and defend Haifa Takieddine.[5]

Finally, we address the issue of

---

the public for purposes of vehicular travel or parking in this state *unless such person, upon application, has been licensed as an operator * * * by the registrar of motor vehicles under sections 4507.01 to 4507.39, inclusive, of the Revised Code.* " (Emphasis added.)

[4] In the event that we were required to examine the intent of this contractual provision, it would not be unreasonable to conclude that an automobile rental company would want to require that its automobiles be driven by those with unexpired driver's licenses. One in possession of an expired driver's license may be viewed as irresponsible or inclined to disregard the law. Furthermore, it is arguable that an automobile rental company should bear the burden of defending itself in an action for violation of that portion of former R.C. 4507.02 which read in part:

"No person shall permit the operation of a motor vehicle upon any public or private property used by the public for purposes of vehicular travel or parking knowing such operator does not have a valid license, as an operator or chauffeur, issued to such operator by the registrar of motor vehicles under sections 4507.01 to 4507.39, inclusive, of the Revised Code.

[5] We also affirm the determination of the court of appeals that Haifa Takieddine is not entitled to attorney fees.

whether the court of appeals properly dismissed State Farm's cross-appeal. The court of appeals held that it did not have jurisdiction to hear the cross-appeal due to the fact that it was not timely filed. App. R. 4(A) provides in relevant part:

"Appeals in civil cases. In a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within thirty days of the date of the entry of the judgment or order appealed from. A notice of appeal filed before entry of such judgment or order shall be treated as filed after such entry and on the day thereof. *If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within ten days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this subdivision, whichever period last expires."* (Emphasis added.)

State Farm concedes that its cross-appeal was filed approximately twelve days late, but argues that the time requirements for filing cross-appeals provided by App. R. 4 are procedural only and not jurisdictional. State Farm further asserts that once the original appeal is timely filed, the court of appeals has jurisdiction over any cross-appeal. We disagree.

While there is a connection with regard to the times in which a party may file an appeal and cross-appeal, appeals and cross-appeals remain distinct entities in several respects. An appellee who does not cross-appeal generally cannot oppose the final judgment on appeal, or attack it to enlarge his own rights or lessen the rights of his adversary. But without filing a cross-appeal, an appellee can "urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon a matter overlooked or ignored by it." *United States* v. *American Ry. Express Co.* (1924), 265 U.S. 425, 435. Because a cross-appeal is a separate attempt by an appellee to enlarge his own rights or lessen the rights of his adversary, we hold that the time requirements for filing a cross-appeal pursuant to App. R. 4(A) are mandatory and jurisdictional. Therefore, a court of appeals does not acquire jurisdiction over belated cross-appeals merely because an appeal by an opposing party has been properly perfected. *Richland Knox Mut. Ins. Co.* v. *Kallen* (C.A. 6, 1967), 376 F. 2d 360, 364. See *Sizzler Family Steak Houses* v. *Western Sizzlin Steak House, Inc.* (C.A. 11, 1986), 793 F. 2d 1529; *In re Interstate Agency, Inc.* (C.A. 6, 1985), 760 F. 2d 121; *Savage* v. *Cache Valley Dairy Assn.* (C.A. 10, 1984), 737 F. 2d 887.[6] Thus, State Farm's untimely cross-appeal was properly dismissed by the court of appeals.

Based on the foregoing, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

---

[6] Fed. App. R. 4(a)(3) states:

"If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days after the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period last expires."