JOURNAL ENTRY AND OPINION
Eric Tomko appeals from a decision of the common pleas court granting summary judgment to Grange Mutual Casualty Company in connection with his claims for breach of contract, bad faith, and failure to defend when he loaned a vehicle which he had rented from Snappy Car Rental to an associate, Troy Lojak, and Lojak never returned it to him. On appeal, Tomko claims that genuine issues of material fact exist as to whether the Grange insurance policy provided automobile insurance coverage for theft of the rented non-owned vehicle which had been given to a thief. After reviewing the record, we have concluded that the court did not err in granting summary judgment and, therefore, we affirm the judgment of the court.
The record reveals that on December 5, 1995. Eric Tomko rented a 1995 Buick Century from Snappy Car Rental. After using the vehicle for a few hours while a friend repaired the brakes on his own car, he gave the keys to the vehicle to an acquaintance, Troy Lojak, who had asked Tomko to rent the vehicle for him. After several weeks, Snappy called Tomko to inquire when he would be returning the vehicle. Tomko in turn called Lojak, who stated that he would return the car in a few days. Approximately five weeks later, Snappy again called Tomko regarding the return of the vehicle; Tomko again contacted Lojak, who informed him that he had already returned the vehicle and had a receipt for $624.00, evidencing that he had returned the vehicle. That receipt is not part of the record before us, and Snappy has no record the vehicle had ever been returned.
In fact, Lojak never did return the vehicle. On January 25, 1996, Tomko filed a report with the North Royalton Police Department, stating that Troy Lojak had stolen the vehicle. Ironically, on January 31, 1996, Lojak became involved in an automobile accident with this vehicle, filed a claim against State Farm Insurance, the carrier for the other driver involved in that accident, listed himself as the owner of the rented car, and collected a settlement from State Farm of $1,074.47.
On December 5, 1997, Snappy Car Rental filed a complaint in common pleas court against Tomko and Lojak, seeking $14,382.86 as damages for theft of the rented vehicle; in response, Tomko filed a counterclaim, which he later dismissed and a third-party complaint against his carrier, Grange Mutual Casualty Company, for breach of contract, bad faith, and failure to provide a defense to the suit filed by Snappy. Tomko settled his claims with Snappy and subsequently, Grange filed a motion for summary judgment against Tomko, claiming coverage did not extend to the rented car. The court granted the motion and Tomko now appeals from that order, setting forth the following assignment of error for our review:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THIRD PARTY DEFENDANT GRANGE MUTUAL INSURANCE COMPANY BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE IN THIS CASE.
Tomko asserts that the Grange insurance policy covers the theft of a "non-owned" vehicle, that Lojak committed theft by deception and, therefore, the court erred in granting summary judgment.
Grange, however, asserts that the policy does not extend coverage to the rented vehicle because the theft did not occur while the vehicle had been in Tomko's custody; rather it had been given to Lojak, a thief. It also argues, in the alternative, that even if the insuring agreement in the policy does provide coverage to this non-owned vehicle because Lojak did in fact steal the car from Tomko, the exclusions contained in the policy effectively preclude coverage.
The issue, then, concerns whether the trial court correctly granted summary judgment to Grange in this case.
Civ.R. 56(C) provides in part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
In reviewing a motion for summary judgment, the court must construe the evidence and all reasonable inferences drawn therefrom in a light most favorable to the party opposing the motion. Morrisv. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45; Harless v. WillisDay Warehousing (1978), 54 Ohio St.2d 64.
The dispute in this case concerns the interpretation of the language contained in Tomko's insurance policy, and a determination of whether coverage exists for theft of a rented vehicle when the insured gives the vehicle to a thief.
An insurance policy is a contract, and rights under that policy are purely contractual in nature. Nationwide Mut. Ins. Co.v. Marsh (1984), 15 Ohio St.3d 107. Additionally, where the words of an insurance contract are clear and unambiguous, the court need go no further in search of an aid in its interpretation. Kaplyshv. Takieddine (1988) 35 Ohio St.3d 170.
In support of its motion for summary judgment, Grange relied on Tomko's deposition testimony. Tomko stated that he rented the vehicle specifically for Lojak, but had used it for two hours prior to turning it over to him. He further stated that Lojak had control of the vehicle at the time of the theft. Grange also submitted Tomko's insurance policy, which provides in relevant part:
PART D — COVERAGE FOR DAMAGE TO YOUR AUTO
INSURING AGREEMENT
 A. We will pay for direct and accidental loss to your covered auto or any non-owned auto, including its equipment, minus any applicable deductible shown in the Declarations. We will pay for loss to your covered auto caused by:
* * *
 If there is a loss to a non-owned auto, we will provide the broadest coverage applicable to any your (sic) covered auto shown in the Declarations.
* * *
C. "Non-owned auto" means:
 1. Any private passenger auto, pickup, van or trailer not owned by or furnished to or available for the regular use of you or any family member while in the custody of or being operated by you or any family member, or
 2. Any auto or trailer you do not own while used as a temporary substitute for your covered auto which is out of normal use because of its:
a. breakdown;
b. repair;
c. servicing;
d. loss; or
e. destruction. (Emphasis in the original).
Here, Grange argues that pursuant to Part D, Section C1, the rented vehicle had been given to and operated by Lojak, and therefore there is not coverage for the theft of that vehicle.
In his response to Grange's motion for summary judgment, Tomko submitted his deposition testimony; his insurance policy; copies of indictments against Lojak for theft, receiving stolen property, forgery and uttering; journal entries of convictions for those offenses; and the police report Lojak filed when he became involved in an accident while driving this vehicle. Tomko contends on appeal that the vehicle had been in his custody because he rented it and used it prior to the time that he gave it to Lojak. He further contends that his insurance policy should provide coverage for theft of a non-owned auto in his possession.
In this case, we recognize that the facts surrounding the rental and disposition of the vehicle are not in dispute. The issue in this appeal concerns whether, as a matter of law, the language of the policy provides coverage for the situation presented by these facts, and if so, whether any exclusions apply.
The record here supports, and the parties do not dispute, that Tomko rented the vehicle from Snappy for Lojak on December 5, 1995; that he used it for a few hours while a friend repaired the brakes on his own vehicle; that he delivered the keys and the vehicle to Lojak; that the vehicle has never been returned to Snappy; and that Tomko identified Lojak as a thief in a police report.
A review of Tomko's insurance policy reveals that it provides coverage for a non-owned vehicle while in the custody of or being operated by Tomko or one of his family members, and/or while such non-owned auto is used as a temporary substitute for Tomko's covered auto, which is out of normal use due to repair or servicing. Here, Tomko used the Snappy vehicle for a few hours prior to turning it over to Lojak while a friend repaired the brakes on his covered auto; however, he neither had custody of it, nor operated it after he relinquished custody of it to Lojak. Thus, regardless of when the actual theft of the vehicle occurred, Grange's coverage for that non-owned auto terminated at the time Tomko relinquished custody of the vehicle to Lojak. This is so because Tomko discontinued use of it as a temporary substitute auto after his covered auto had been repaired and also because the plain language of the policy defines non-owned auto as one "furnished to or available for the regular use of you or any family member while in the custody of or being operated by you or any family member * * * Since Lojak is not a family member, and since the vehicle had been delivered to his custody, coverage under the policy terminated at that time.
Construing the evidence most strongly in favor of Tomko, the non-moving party on Grange's motion for summary judgment, at best, Tomko asserts he had custody of the vehicle at the time he delivered the keys of the vehicle to Lojak, whom, he claims deceived him and committed theft by deception. Tomko, however, cannot prevail on this contention because the insurance policy contains the following language in the Exclusions section of the contract:
We will not pay for:
* * *
 7. Loss to any non-owned auto or any vehicle used as a temporary substitute for a vehicle you own, when used by you or any family member without a reasonable belief that you or that family member is entitled to do so. (Emphasis in the original).
The record before us demonstrates, and counsel agree, that Tomko rented a car for Lojak from Snappy Car Rental. That rental agreement contains a provision which expressly precludes Tomko from permitting anyone other than his spouse to operate the vehicle, and the following language appears immediately above his signature on the rental contract:
 I AGREE TO THE TERNS AND CONDITIONS ON BOTH SIDES OF THIS AGREEMENT AND FURTHER AGREE NOT TO ALLOW ANYONE OTHER THAN MY SPOUSE TO OPERATE SNAPPY'S VEHICLE. * * *
Thus, considering the contract restrictions placed on Tomko's ability to permit others to operate the rented Snappy vehicle, exclusion number seven contained in his insurance policy applies because it excludes loss to a non-owned auto used by him without a reasonable belief that he had been entitled to do so. Here, because the rental agreement stated Tomko could not permit anyone other than his spouse to operate the vehicle, even if it had been in his custody at the time he delivered it to Lojak, and had been deceived by Lojak who intended to steal the car, Tomko could have no reasonable belief that he would have been entitled to deliver it to Lojak, because the rental agreement precluded him from doing so. Accordingly, this exclusion provision also applies.
After careful review of the entire case, we have concluded that no genuine issues of material fact exist regarding the circumstances surrounding either the rental or the theft of the vehicle. Further, a careful reading of Tomko's automobile insurance policy indicates it provides coverage for non-owned automobiles only while in the custody of or being operated by the insured or family members of the insured or while it is being used as a temporary substitute vehicle, and coverage is excluded for use without a reasonable belief of entitlement to do so. Since this vehicle had been delivered to the custody of Lojak and since Lojak is not a Tomko family member, and since Tomko's use of it as a temporary substitute vehicle had terminated when his own vehicle had been repaired, the coverage extended by Grange on that vehicle terminated when Lojak obtained custody of it. Further, when Tomko permitted Lojak to use the vehicle, the exclusion in paragraph seven of the insurance policy became effective because he had no reasonable belief that Lojak could have operated the vehicle in accordance with the contract provisions. Therefore, this assignment of error is not well taken and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and DIANE KARPINSKI, J., CONCUR.
 __________________________ JUDGE, TERRENCE O'DONNELL