OPINION
Defendant-appellee-cross appellant CNA Insurance Group, dba Transcontinental Insurance Company, cross-appeals the July 10, 2001, Judgment Entry of the Stark County Court of Common Pleas which confirmed an arbitration award and awarded prejudgment interest in favor of plaintiffs-appellants-cross appellees Shirley and Ronald Ickes.[1]
 STATEMENT OF THE FACTS AND CASE
On February 20, 1997, Shirley Ickes was injured in a two-car crash that occurred in Jackson Township, Stark County, Ohio. The tortfeasor, Onie M. Hillyard [hereinafter tortfeasor], failed to yield the right-of-way and crashed into the vehicle in which Shirley Ickes was a passenger. As a result of her injuries, Mrs. Ickes required numerous surgeries and is expected to undergo additional future surgeries.
Shirley Ickes and her husband, Ronald Ickes, presented claims against the tortfeasor's insurer, Progressive Insurance Company. The tortfeasor carried minimum liability limits of $12,500.00 per person. The Ickeses and Progressive Insurance Company entered into a settlement on December 31, 1999.
The Ickeses had underinsured motorist coverage [hereinafter UIM] on their personal vehicles with Allstate Insurance. The limit amount of that insurance was $25,000.00 per person. Appellants presented claims for UIM coverage to Allstate Insurance. The Ickeses and Allstate Insurance entered into a settlement on January 3, 2000.
On February 20, 1997, the date of the accident, Shirley Ickes was an employee of Warner-Lambert, nka Pfizer. Ronald Ickes was employed by Republic Storage Systems, Inc. Pursuant to Scott-Pontzer v. LibertyMutual Fire Insurance Co. (1999), 85 Ohio St.3d 660, and Ezawa v. YasudaFire and Marine Insurance Co. (1999), 86 Ohio St.3d 557, UIM claims were made with the carriers insuring Warner-Lambert and Republic Storage Systems, Inc.
Warner-Lambert/Pfizer was insured by Kemper National Insurance Companies, dba Lumberman's Mutual Casualty Company [hereinafter Kemper]. This policy had a UIM limit of One Million Dollars. Republic Storage Systems, Inc. was insured by CNA Insurance Group, dba Transcontinental Insurance Company [hereinafter CNA]. This policy provided UIM coverage in the amount of One Million Dollars.
On February 2, 2001, the UIM claims of Shirley and Ronald Ickes were submitted to binding arbitration pursuant to Kemper and CNA's insurance policy language. The arbitration panel unanimously agreed that the total damages for Shirley and Ronald Ickes were $1,450,000.00. The arbitration panel issued an arbitration award on February 13, 2001.
On February 21, 2001, Shirley and Ronald Ickes filed an Application to Confirm the Arbitration Award and Reduce to Judgment [hereinafter Application]. In addition, the Ickeses filed a Motion for Prejudgment Interest [hereinafter Motion]. The trial court held a hearing to consider the Ickes' Application and Motion on March 23, 2001.
On July 6, 2001, the trial court issued a Judgment Entry. The July 6, 2001, Judgment Entry contained errors, causing the trial court to enter aNunc Pro Tunc Entry on July 10, 2001. In the July 10, 2001, Judgment Entry, the trial court granted the Ickes' Application and Motion. The trial court confirmed the arbitration award and awarded prejudgment interest. The commencement date for prejudgment interest was January 3, 2000.[2]
On August 8, 2001, the Ickeses filed a Notice of Appeal of the July 10, 2001 Judgment Entry. On August 17, 2001, the trial court entered a second Nunc Pro Tunc Entry. The trial court stated that "it was the intention of the court to use the date of settlement of the tortfeasor's claims (December 29, 2000) [sic] as the date for the commencement of pre-judgment interest."
On August 22, 2001, CNA filed a "Motion to Extend Time to File Defendant-Appellee CNA Insurance's Notice of Cross-Appeal" in the trial court. That same day, August 22, 2001, CNA filed a Notice of Cross-Appeal from the July 10, 2001, Judgment Entry of the trial court.
The following assignments of error were raised on cross-appeal by CNA:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN AWARDING PLAINTIFFS PREJUDGMENT INTEREST AND IN FINDING THAT SUCH INTEREST BEGAN ACCRUING ON THE DATES SET FORTH IN ITS NUNC PRO TUNC ENTRIES.
 Trial Court Nunc Pro Tunc Entry of August 17, 2001
 Trial Court Nunc Pro Tunc Entry of July 10, 2001
 Trial Court Judgment Entry of July 6, 2001.
 THE TRIAL COURT ERRED IN ENTERING THE AUGUST 17, 2000, [SIC] NUNC PRO TUNC ENTRY BECAUSE JURISDICTION HAD VESTED IN THIS COURT AND A NUNC PRO TUNC ENTRY MAY NOT CHANGE THE SUBSTANCE OF A JUDGMENT.
 Trial Court Nunc Pro Tunc Entry of August 17, 2001.
This court has jurisdiction over a cross-appeal so long as it is timely filed. A cross-appeal must be filed within 30 days of the filing of the Judgment Entry from which the cross-appeal is taken or within 10 days of the filing of a notice of appeal, which ever is later.[3] App.R. 3.
App.R. 4. "[T]he time requirements for filing a cross-appeal pursuant to App.R. 4 are mandatory and jurisdictional." Kaplysh v. Takieddine
(1988), 35 Ohio St.3d 170, 175.
In this case, CNA's notice of cross-appeal was not filed within the time in which a cross-appeal could be taken. CNA's Notice of Cross-Appeal states that CNA is appealing from the trial court's July 10, 2001, Judgment Entry. The Notice of Cross-Appeal was filed August 22, 2001. Appellants-Cross-Appellees, the Ickes, filed their notice of appeal on August 8, 2001. Calculating thirty days from the filing of the July 10, 2001 Judgment Entry results in a filing deadline of August 9, 2001. Calculating ten days from the filing of the Ickes' Notice of Appeal results in a later deadline of August 18, 2001. Since August 18, 2001, was a Saturday, CNA's deadline to file a notice of cross-appeal was extended to Monday, August 20, 2001. See App.R. 14(A). However, CNA did not file their Notice of Cross-Appeal until August 22, 2001.
On August 22, 2001, CNA filed a motion in the trial court to extend the time in which notice of a cross-appeal could be filed. CNA contended that the Notice of Appeal was not served upon CNA until August 13, 2001, 5 days after the notice of appeal was filed. However, "the time for filing the notice of cross-appeal begins to run with the filing of the notice of appeal, not service of the notice of appeal." Mulloy v. Longaberger
(1989), 47 Ohio App.3d 77 . Therefore, CNA was required to file it's Notice of Cross-Appeal by August 20, 2001.
Therefore, since CNA's notice of cross-appeal was not timely filed and the time limits governing cross-appeals are jurisdictional, this court is not permitted to entertain the cross-appeal. Accordingly, CNA's cross-appeal is dismissed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is dismissed. Costs to defendant-cross appellant.
[1] Plaintiffs-appellants-cross appellees Shirley and Ronald Ickes brought an appeal of the July 10, 2001, Judgment Entry of the Stark County Court of Common Pleas in Stark App. No. 2001CA00241. That appeal will be decided by separate opinion.
[2] January 3, 2000, was the date the Ickes entered into a settlement with Allstate Insurance Company, their personal UIM carrier.
[3] In a civil case, the 30 days in which an appeal or cross-appeal may be file may be extended if service of the notice of judgment and its entry if service is not made on the party within the three day period in Civ.R. 58(B). App.R. 4(A). There is no allegation that service of the Judgment Entry from which the appeal and cross-appeal were taken was not served in accordance with Civ.R. 58(B).