[Cite as *Rolinc v. Williams*, 2023-Ohio-309.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| TODD BENJAMIN ROLINC, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111518 |
| v. | : | |
| NICOY WILLIAMS, ET AL., | : | |
| Defendants-Appellees. | : | |
| [Appeal by Intervener Nationwide Property & Casualty Insurance Company] | : | |
| | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 2, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-945337

---

### *Appearances:*

Cavitch, Familo & Durkin Co., LPA, Gregory E. O'Brien, and Cory J. Martinson, *for intervener-appellant*.

Thomas S. Amato, *for appellee* Todd Benjamin Rolinc.

Holland & Muirden and J. Jeffrey Holland; Terrance J. Kenneally & Assoc. and Sean Kenneally, *for appellee* Nicoy Williams.

LISA B. FORBES, J.:

{¶ 1}   Third-party intervenor Nationwide Property & Casualty Insurance Company ("Nationwide") appeals from the trial court's journal entry denying its summary judgment motion and granting summary judgment to plaintiff Todd Benjamin Rolinc ("Rolinc") concerning an insurance coverage dispute in this dog bite case.   After reviewing the facts of the case and pertinent law, we affirm the lower court's judgment.

## I.    Facts and Procedural History

{¶ 2}   On June 8, 2020, Nicoy Williams's ("Williams") dogs, a pit bull mix named Mallory and a bulldog named Beastro, attacked Debra Shufran's ("Shufran") dog, a Welsh terrier named Tootsie.   At the time of the attack, Shufran thought it was an isolated incident, and she did not file a police report.

{¶ 3}   On August 2, 2020, Rolinc was walking with his girlfriend and her two dogs.   As they passed Williams's house, Mallory and Beastro jumped through the front screen door and attacked Rolinc.   Although Williams was able to pull Beastro off of Rolinc, Beastro bit Rolinc several times, resulting in injuries that required medical attention.   Police responded to the scene and a report was generated.

{¶ 4}   On August 5, 2020, Shufran filed a police report concerning the June 8, 2020 attack of Tootsie.   This report states that both Mallory and Beastro bit Tootsie.   According to Shufran, she decided to file the report after witnessing Beastro

attack Rolinc on August 2, 2020, and realizing the June 2020 attack was not isolated.

{¶ 5} Rolinc filed an action for negligence and liability under R.C. 955.28(B) based on the August 2, 2020 incident. Nationwide, who had issued a homeowner's insurance policy to Williams for coverage from September 24, 2019, to September 24, 2020 (the "Policy"), was granted leave to intervene and filed a complaint for declaratory judgment. In this intervening complaint, Nationwide alleged that the "Policy's Dog exclusion bars coverage * * * for claims of 'bodily injury' arising out of...(e) Any dog with a prior history of attacking or biting * * * person(s) or animal(s), as established through insurance claim records, or through records of local public safety, law enforcement or other similar regulatory agency." Nationwide asked the court to declare that it "has no duty to indemnify Williams against Rolinc's claims * * *" and it "has no duty to continue defending Williams against Rolinc's claims * * *."

{¶ 6} On May 4, 2022, the court denied Nationwide's summary judgment motion and granted summary judgment to Rolinc on Nationwide's intervening complaint, declaring that the Policy "provides personal liability coverage to * * * Williams for the claims alleged in Rolinc's complaint, and Nationwide owes a duty to defend and indemnify" Williams.

{¶ 7} It is from this order that Nationwide appeals.

## II. Law and Analysis

### A. Summary Judgment

{¶ 8} Appellate review of granting summary judgment is de novo. Pursuant to Civ.R. 56(C), the party seeking summary judgment must prove that (1) there is no genuine issue of material fact; (2) they are entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

### B. The Policy

{¶ 9} The Policy states that "Personal Liability and Coverage" and "Medical Payments to Others" do not apply to: "'Bodily injury' arising out of * * * [a]ny dog with a prior history of attacking or biting * * * person(s) or animal(s), as established through insurance claims records, or through the records of local public safety, law enforcement or other similar regulatory agency." For ease of discussion, we refer to this prior-established-history-of-attacking-or-biting-dog exclusion as the "Exclusion."

{¶ 10} The Ohio Supreme Court has held that if an insurance "contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." *Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.*, 15 Ohio St.3d 321, 322, 474 N.E.2d 271 (1984).

## C. Analysis

{¶ 11} In its sole assignment of error, Nationwide argues that the aforementioned Exclusion in the Policy applies in the case-at-hand because the "Policy does not require that the record documenting Beastro's prior history of attacking or biting must have been created prior to the attack on Rolinc." Nationwide cites no law to support this specific argument.

{¶ 12} The pivotal issue in this case — whether Beastro's prior history of biting or attacking was "established" as specified in the Policy — requires us to determine the relevant time in an insurance dispute. *See Kaplysh v. Takieddine*, 35 Ohio St.3d 170, 174, 519 N.E.2d 382 (1988) ("[B]ecause Haifa Takieddine was not a licensed driver at the time of the accident and because the rental agreement stated that only the renter and qualified *licensed* drivers could operate the rental vehicle, [the insurance company] is not required to indemnify and defend Haifa Takieddine."). (Emphasis sic.) In *Kaplysh*, the court found the relevant time to be the date of the accident. "Takieddine's license to drive expired twenty-one days before the accident of August 22, 1980. * * * The fact that she was subsequently issued a license * * * is not relevant." *Id*. at 173-174.

{¶ 13} In *Collins v. Auto-Owners Ins. Co.,* 12th Dist. Warren No. CA2016-08-074, 2017-Ohio-880, ¶ 20, our sister court interpreted *Kaplysh* to mean that "the only relevant time in an insurance contract dispute was * * * the time of the accident." The facts in the case at hand are not in dispute. On August 2, 2020, which is the date Beastro attacked and bit Rolinc, Beastro did not have an "established"

prior history of attacking or biting a person or animal.  In fact, the August 2, 2022 police report of the incident with Rolinc is the first "established" history of Beastro attacking or biting a person or animal.  In applying *Kaplysh*, we find that the August 5, 2022 police report is irrelevant to a determination of whether Beastro had a prior established history of biting or attacking.

{¶ 14}  Upon review, we find that the Exclusion does not apply in the instant case, and Rolinc was entitled to judgment as a matter of law on Nationwide's intervening complaint.  Accordingly, the court did not err by granting Rolinc's summary judgment motion and Nationwide's sole assignment of error is overruled.

{¶ 15}  Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MARY EILEEN KILBANE, J., CONCUR