[Cite as *Gen. Auto Ins., Co., Inc. v. Lehman*, 2025-Ohio-1015.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| THE GENERAL AUTOMOBILE INSURANCE COMPANY, INC., | **CASE NO. 2024-A-0066** |
| Plaintiff-Appellee, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| KYLEE LEHMAN, et al., | Trial Court No. 2023 CV 00614 |
| Defendants, | |
| ZACHARY MCKIBBIN, INDIVIDUALLY AND AS FIDUCIARY FOR THE ESTATE OF SAVANNAH MCKIBBEN, | |
| Defendant-Appellant. | |

## **O P I N I O N**

Decided: March 24, 2025
Judgment: Affirmed

*David A. Goldstein*, David A. Goldstein Co., LPA, 511 South High Street, Suite 200, Columbus, OH 43215 (For Plaintiff-Appellee).

*Craig Murphey*, Purchase, George & Murphey, PC, 2525 West 26th Street, Suite 200, Erie, PA 16506 (For Defendant-Appellant).

ROBERT J. PATTON, P.J.

{¶1} Appellants, Zachary McKibben and the Estate of Savanna McKibben, appeal the judgment of the Ashtabula County Court of Common Pleas granting summary judgment in favor of appellee, The General Automobile Insurance Company, Inc. ("General Auto"). For the following reasons, we affirm.

**{¶2}** This case arose from an automobile accident that resulted in the tragic death of Savanah McKibben and injuries to Savannah's husband, Zachary McKibben (individually referred to as "Mr. McKibben"). On August 23, 2022, Michelle Bishop ("Bishop") was driving a car owned by Kylee Lehman and collided with a dirt bike driven by Mr. McKibben. Accompanying Mr. McKibben as a passenger was his wife, Savannah. Mr. McKibben's wife was killed in the accident and Mr. McKibben suffered injuries. At the time of the accident the vehicle was insured under Lehman's General Auto liability insurance policy. Bishop's driver's license had expired on July 18, 2022, and she was not covered under another insurance policy. Despite Bishop having permission to use the vehicle, because Bishop's license had expired before the accident, General Auto determined that coverage was excluded as she did not have a "driver's license" as defined in the auto policy. General Auto declined coverage.

**{¶3}** General Auto filed a complaint seeking declaratory judgment that they are not liable to provide coverage for any claim arising out of the accident. The complaint was initially filed in the Adams County Court of Common Pleas. The case was later transferred, based on the location of the accident, to the Ashtabula County Court of Common Pleas on September 25, 2023. General Auto moved for summary judgment, and in an entry filed July 15, 2024, the trial court granted General Auto's motion finding that the policy was not ambiguous, and that Bishop's expired license excluded her from coverage.

**{¶4}** Appellants now timely appeal the decision of the Ashtabula County Court of Common Pleas.

**{¶5}** On appeal, appellants assert two assignments of error:

2

{¶6} "[1.] The trial court committed reversible error in granting the appellee insurance company's motion for summary judgment because the exclusion at issue is ambiguous as a matter of law and thus either must be construed against the insurer and in favor of coverage or must be submitted to the factfinder to resolve the ambiguity."

{¶7} "[2.] The trial court committed reversible error in granting the appellee insurance company's motion for summary judgment because the exclusion at issue, when applied to the facts of this case, contravenes the clear public policy of Ohio to provide liability coverage to insureds sued by injured victims of insured's negligence."

## Standard of Review

{¶8} The standard of review for a trial court's decision to grant a motion for summary judgment is de novo. *Crawford v. Kirtland Local School Dist. Bd. of Edn.*, 2018-Ohio-4569, ¶ 48 (11th Dist.), citing *Duncan v. Hallrich, Inc.* 2007-Ohio-3021, ¶ 10 (11th Dist.).

{¶9} "[S]ummary judgment is proper when (1) the evidence shows 'that there is no genuine issue as to any material fact' to be litigated, (2) 'the moving party is entitled to judgment as a matter of law,' and (3) 'it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor.'" *Hahn v. Farmakis-King*, 2024-Ohio-786, ¶ 48 (11th Dist.).

## Ambiguity of the Insurance Policy

{¶10} Appellants contend in their first assignment of error that the trial court should not have granted summary judgment in favor of General Auto as the policy language was

3

ambiguous. Specifically, appellants argue that because the policy does not explicitly exclude coverage to individuals with an *expired* license, that it should be construed to include them in coverage.

{¶11} The relevant policy language states:

**Exclusions**

We have no duty to defend and we do not provide this Part 1 – Liability Coverage for any person for: . . .

13. Operation of any auto by a person who:

a. Does not have a driver's license;
b. Has a driver's license that is suspended or revoked; or
c. Has a restricted driver's license and is using the vehicle outside the scope of that restriction.

Dkt. 1, Complaint, Exhibit B, General Auto Insurance Policy, p. 9-10.

{¶12} The policy further defines a "driver's license" to mean "a current and valid permit, license or certificate: a. Issued by a government agency; and b. That authorizes a person to operate a motor vehicle." *Id.*, p. 6.

{¶13} Ambiguous language in a contract that is reasonably open to more than one interpretation is to be liberally construed in favor of the insured. *Faruque v. Provident Life & Acc. Ins. Co.*, 31 Ohio St.3d 34, 38. "It is elementary that an insurance policy is a contract, and in the construction thereof, just as other contracts, words therein employed should be given their usual and ordinarily accepted meaning." *Kaplysh v. Takieddine*, 35 Ohio St.3d 170, 173, citing *Great American Mut. Indem. Co. v. Jones*, 111 Ohio St. 84, 86.

{¶14} Appellant contends that General Auto cites cases that exclude drivers with no driver's license and are distinguishable from this case because of the use of the word

4

"expired" in their policy language. *See Smith v. Safe Auto Ins. Co.*, 2008-Ohio-5806, (6th Dist.). However, because the term "expired" is not included in General Auto's policy under exclusions in this case, does not mean that we can interpret the policy to intend to include drivers whose licenses have expired. *Kaplysh*, supra, is instructive as to why the lack of inclusion of the word "expired" does *not* create ambiguity:

> The term 'licensed' means: '1. Having a license: permitted or authorized by license * * *.' Webster's Third New International Dictionary (1981) 130. [Appellant's] license to drive expired on August 1, 1980, pursuant to R.C. 4507.09. The word 'expire' is defined as follows: ' to come to an end: CEASE: * * * to reach a close (as of a period of time): TERMINATE * * *: to become void through the passage of time * * *.' Webster's, *supra*, at 801. See, also, *Frontier-Embers Supper Club, Inc. v. Bd. of Liquor Control (1960)*, 112 Ohio App. 325, 328, 15 O.O.2d 393, 394, 172 N.E. 2d 717, 719. Likewise, Black's Law Dictionary (5 Ed. 1979) 519, defines the term 'expiration' as: 'Cessation; termination from mere lapse of time, as the expiration of a lease, insurance policy, statute, and the like. Coming to close; termination or end.' [Appellant's] license to drive expired twenty-one days before the accident [. . . appellant] was *not* a licensed driver. [. . .]

[Emphasis in original.] *Kaplysh* at 174.

{¶15} In *Kaplysh*, the Supreme Court of Ohio held that a motorist whose license had expired two days before the accident occurred was not a "qualified licensed driver" as it pertained to the rental agreement for a vehicle rental and insurance policy coverage. In *Kaplysh*, the Court's rationale was centered on the plain meaning of the word "expired" to mean coming to an end or ceasing. In *Kaplysh*, even though the expiration was only for a short time and was renewed four days after the accident, the Court reasoned, "the contract provided that a driver not only be qualified, but also *licensed*." *Kaplyish* at 173.

{¶16} Similarly, here, the General Auto policy excludes coverage for individuals who do "not have a driver's license." Dkt. 1, p. 9-10. A driver's license is defined as "a

5

current and valid permit, license or certificate: a. Issued by a government agency; and b. That authorizes a person to operate a motor vehicle." *Id.* at p. 6. Bishop had an expired license at the time of the accident, just as the driver in *Kaplysh* did. Attributing the ordinary meaning and usage of the word "expired," to the instant case, Bishop was not a licensed driver under the meaning of the term as defined by the contract at the time of the accident. Bishop was not authorized under law to operate a motor vehicle at the time of the accident. *See State v. Alexander*, 2004-Ohio-3735, ¶ 21 (8th Dist.) ("[A] motorist has six months to *renew* an expired license before having to retake the complete driver's license test, but this does not authorize the operation of a vehicle during that period.").

{¶17} The trial court reasoned similarly to the *Kaplysh* court in its entry.

> The policy before [the trial court] defines a 'driver's license' as a 'current and valid license or certificate.' This Court must answer whether an expired license means a current and valid license or certificate. Black's Law Dictionary defines 'valid' in the adjective form as, 'legally sufficient; binding <a valid contract>.' *Black's Law Dictionary* (12th ed. 2024), valid. Merriam-Webster's Dictionary defines 'current' in the adjective form as, 'occurring in or existing at the present time.' *Merriam-Webster* (2024), current. [. . .] R.C. 4507.09, Expiration and renewal dates for licenses; notice of expiration; notice of change of address; effect of outstanding arrest warrant, provides the requirements for renewing an expired license: '(A)(1) Except as provided in division (B) of this section, every driver's license issued to a resident of this state expires on the birthday of the applicant in the fourth or eighth year after the date it is issued, based o the period of renewal requested by the applicant.' [. . .] Based on the above-definitions, case law, and a reading of the contract as a whole, this Court can reach but one conclusion. Having an expired driver's license means that you do not have a current and valid driver's license or certificate as required by the policy.

Dkt. 41, Trial Court Judgment Entry Granting Summary Judgment, p. 5-6.

6

Case No. 2024-A-0066

{¶18} Appellants now ask this Court to find ambiguity in the General Auto insurance policy because the word "expired" is not included under its excluded coverage provisions. Ohio courts are warned not to create ambiguity where it does not exist. "When the terms in an existing contract are clear and unambiguous, we cannot create a new contract 'by finding an intent not expressed in the clear language employed by the parties'" *King v. Newton Falls*, 2024-Ohio-782, ¶ 72 (11th Dist.), quoting *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 246. "'Only when a definitive meaning proves elusive should rules for construing ambiguous language be employed. Otherwise, allegations of ambiguity become self-fulfilling.'" *Id.*, quoting *State v. Porterfield*, 2015-Ohio-3095, ¶ 11. "If the meaning is apparent, the terms of the agreement are to be applied, not interpreted." *Id.*, quoting *Albert v. Shiells*, 2002-Ohio-7021, ¶ 20 (10th Dist.).

{¶19} Accordingly, the trial court properly granted summary judgment. Appellants' first assignment of error is without merit.

## Public Policy

{¶20} Appellants' second assignment of error contends that the trial court, in finding that the policy language precluded coverage is against public policy.

{¶21} It is true that in Ohio when an insurance policy exclusion goes against public policy, it is void and unenforceable. "'The general rule is that competent persons shall have the utmost liberty of contracting and that their agreements voluntarily and fairly made shall be held valid and enforced in the courts. * * * The principle that contracts in contravention of public policy are not enforceable should be applied with caution and only in cases plainly within the reasons on which that doctrine rests.'" *Gugle v. Loeser*, 143

7

Ohio St. 362, 367 (1944), quoting *Twin City Pipe Line Co. v. Harding Glass Co.,* 283 U.S. 353, 356.

{¶22} Appellants cite *Casey v. Calhoun*, 40 Ohio App. 3d 83, 85, which stands for the proposition that insurance coverage for punitive damages, constituting an enhancement of the actual loss and acting as a punishment to the offender, are against public policy. *Calhoun* at 84. Nothing of that nature is present in the instant matter.

{¶23} Further, the *Kaplyish* court expounded on why contract drafters, when considering liability, might be inclined to exclude driver's with an expired license:

> [I]t would not be unreasonable to conclude that an automobile rental company would want to require that its automobiles be driven by those with unexpired driver's licenses. One in possession of an expired driver's license may be viewed as irresponsible or inclined to disregard the law.

*Kaplyish*, 35 Ohio St.3d 170 at 174, fn. 4.

{¶24} Appellants fail to direct this Court to, and our research fails to reveal, any statute or case law that indicates the exclusion at issue is against public policy. As such, we cannot say that the exclusion is void and unenforceable.

{¶25} Appellants' second assignment of error is without merit.

{¶26} Accordingly, the decision of the Ashtabula County Court of Common Pleas is affirmed.

MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2024-A-0066