**ERIE INSURANCE GROUP et al., Appellants,**

v.

**GRANGE MUTUAL CASUALTY COMPANY, Appellees, et al.**

[Cite as *Erie Ins. Group v. Grange Mut. Cas. Co.*, 176 Ohio App.3d 7, 2008-Ohio-1295.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. WD–07–051.

Decided March 21, 2008.

**8**

Nicole A. Mitchell, for appellants.

Raymond H. Pittman III, for appellee.

SINGER, Judge.

{¶ 1} Appellants appeal a summary judgment granted by the Wood County Court of Common Pleas to the issuer of a homeowner's insurance policy in a coverage dispute. For the reason that follow, we affirm.

{¶ 2} On January 12, 2001, Anthony Mericle and Jennifer Nahorny leased an apartment at Riverview Apartments in Rossford, Ohio. Riverview is owned by appellant Oak Hill Investment Company. Christine Besozzi was cosigner for the tenants, guaranteeing the terms of the lease. One of these terms was an obligation to "return said premises to lessor, or agent, in the same condition of repair as when received,* * * reasonable wear and tear excepted."

{¶ 3} On April 26, 2001, there was a fire at Mericle and Nahorny's apartment. The cause of the fire was determined to be the tenants' negligence. Damages were later set at $87,645.38, all but $1,000 of which was paid to appellant Oak Hill by appellant Erie Insurance Group under Oak Hill's casualty policy.

{¶ 4} On April 5, 2005, appellants sued Nahorny and Besozzi[1] to recover damages: Nahorny for negligence and breach of contract and Besozzi on her guarantee of Nahorny's liability. When Nahorny failed to answer, appellants

---

1. Mericle's liability was discharged in bankruptcy.

obtained a default judgment against her. Besozzi sought, but was denied, defense and indemnification against appellants' claim from the issuer of her own homeowner's insurance policy, appellee Grange Mutual Casualty. Besozzi, nevertheless, provided her own defense.

{¶ 5} Eventually Besozzi negotiated an agreement with appellants. Besozzi agreed to consent to a judgment against her in the full amount sought. Appellants would then directly pursue a claim against appellee pursuant to R.C. 3929.06(A)(2). If the claim was unsuccessful, appellants agreed to cap Besozzi's liability at $5,000.

{¶ 6} Following the agreed judgment entry, appellants filed a supplemental complaint against appellee, seeking compensation under Besozzi's policy. Appellee denied liability, asserting that the damages for which Besozzi was legally responsible were for breach of contract which was not a covered "occurrence" under the policy.

{¶ 7} The matter was submitted to the court on cross-motions for summary judgment. On August 6, 2006, without explanation, the court denied appellants' motion and granted appellee's. From this judgment, appellants now bring this appeal, setting forth the following two assignments of error:

{¶ 8} "**Assignment of Error No. 1**

{¶ 9} "The trial court erred in overruling appellants' motion for summary judgment, because the Grange Insurance Contract provides coverage for appellants' judgment against Grange's insured, Besozzi.

{¶ 10} "**Assignment of Error No. 2**

{¶ 11} "The trial court erred in sustaining Grange's motion for summary judgment, because appellants' claims constituted an 'occurrence' under the Grange insurance contract."

{¶ 12} We shall discuss appellants' assignments of error together.

{¶ 13} Civ.R. 56(C) provides that summary judgment may be granted only if (1) no genuine issue of material fact remains to be litigated, (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party, and (3) the moving party is entitled to summary judgment as a matter of law. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267. In this matter, there is no factual dispute, only an issue as to the proper legal construction of the homeowner's insurance policy issued by appellee to Besozzi.

{¶ 14} Ordinarily, the construction of an insurance policy, like any written contract, is a matter of law, *Long Beach Assn., Inc. v. Jones* (1998), 82 Ohio St.3d 574, 576, 697 N.E.2d 208, citing *Inland Refuse Transfer Co. v.*

*Browning–Ferris Industries* (1984), 15 Ohio St.3d 321, 322, 15 OBR 448, 474 N.E.2d 271, subject to certain well-established rules. *Gomolka v. State Auto. Mut. Ins. Co.* (1982), 70 Ohio St.2d 166, 167, 24 O.O.3d 274, 436 N.E.2d 1347. Words and phrases are to be given their ordinary meaning unless something in the contract indicates a contrary intention. *Olmstead v. Lumbermens Mut. Ins. Co.* (1970), 22 Ohio St.2d 212, 216, 51 O.O.2d 285, 259 N.E.2d 123. Where the terms of an insurance policy are clear and unambiguous, they must be applied as written and not enlarged. *Gomolka* at 168, 24 O.O.3d 274, 436 N.E.2d 1347. However, "[w]here provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus.

{¶ 15} At the time relevant to this appeal, Christine Besozzi was a named insured in a homeowner's policy that included $300,000 of personal-liability protection per occurrence. The coverage portion of this part of the policy provided:

{¶ 16} "We will pay all sums, up to our limits of liability, arising out of any one loss which an *insured person* becomes legally obligated to pay as damages because of *bodily injury or property damage,* caused by an *occurrence* covered by this policy * * *."

{¶ 17} In the definitions portion of the policy, an *"occurrence"* is defined as,

{¶ 18} " * * * an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results in *bodily injury or property damage* during the policy period[.]"

{¶ 19} " *'Property damage'* means physical injury to or destruction of tangible property, including loss of its use[.]"

{¶ 20} The policy contains numerous exclusions, the only one of which is arguably applicable in this matter, excludes coverage for *"[b]odily injury or property damage* arising out of any premises owned, rented or controlled by an *insured person* which is not an insured premises."

{¶ 21} Appellee argues that appellants are not entitled to coverage under the policy because the claim against Besozzi was not an "occurrence" within the contemplation of the insurance agreement. Citing *Personal Serv. Ins. Co. v. Ferrell* (Mar. 9, 1979), 6th Dist. No. L–78–103, 1979 WL 207029, appellee insists that the sole determinant as to whether a claim is for accident coverage, as would comprise an "occurrence," or some other cause is that which is pleaded in the complaint. The only claims pleaded in appellants' complaint against Besozzi, appellee points out, are allegations that she breached her contract as a cosigner to be responsible for liability incurred by Nahorny and Mericle under the lease.

Since these claims sound in contract rather than negligence, they do not constitute an insurable "occurrence" under the terms of the policy, according to appellee.

{¶ 22} Alternatively, appellee argues, should we conclude that the claims against Besozzi qualify for coverage, she is still excluded by the exemption that denies coverage for premises "rented or controlled" by an insured that are not insured premises. Appellee directs our attention to the lease on which Besozzi's name may be found on lines denominated "leasee." Appellee maintains that if Besozzi was a leasee, coverage is excluded.

{¶ 23} We reject appellee's argument with respect to the exclusion clause. Although Besozzi's name appears on the "leasee" line, it is clearly modified by a parenthetic "CO," referencing her status as a cosigner, a status that is clearly stated in a separate document defining her obligations as a cosigner.

{¶ 24} We also reject appellee's assertion that to characterize the gravamen of the action we need look no farther than the claims pleaded in the complaint against Besozzi. Pleading need not be perfect. Courts should look to the reasonable intent of the pleadings as a whole, not to any discrete part. *Personal Servs. Ins. Co. v. Ferrell,* supra, citing *Boutwell v. Emps.' Liab. Assur. Corp.* (C.A.5, 1949), 175 F.2d 597. Consequently, we have examined all of the facts pleaded in appellants' complaint.

{¶ 25} There is no question that the fire at the Riverview Apartments was an accident. Thus, it would meet the definition of an "occurrence" under the policy at issue—if Nahorny or Mericle were insureds under the policy. But Nahorny and Mericle were not insureds under the policy. The only connection between this insurance policy and the damages resulting from this "occurrence" is the contract entered into by Besozzi as cosigner and guarantor of Nahorny's and Mericle's liability under the lease. Thus the claims advanced here are contractual and not within the scope of the coverage granted in the policy.

{¶ 26} Accordingly, neither of appellants' assignments of error is well taken.

{¶ 27} For the foregoing reasons, the judgment of the Wood County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.

Judgment affirmed.

PIETRYKOWSKI, P.J., and HANDWORK, J., concur.