[Cite as *Third Wing, Inc. v. Columbia Casualty Co.*, 2012-Ohio-2393.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97622

# THIRD WING, INC.

PLAINTIFF-APPELLANT

vs.

# COLUMBIA CASUALTY CO.

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-688223

**BEFORE:** Stewart, P.J., Boyle, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** May 31, 2012

**ATTORNEY FOR APPELLANT**

Robert P. Rutter
One Summit Office Park, Suite 650
4700 Rockside Road
Independence, OH    44131


**ATTORNEYS FOR APPELLEE**

Marianne K. Barsoum Stockett
Martin T. Galvin
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, OH    44115

MELODY J. STEWART, P.J.:

{¶1} Plaintiff-appellant Third Wing, Inc. appeals from a summary judgment in favor of defendant-appellee Columbia Casualty Company on its complaint seeking a declaration that Columbia was legally obligated to reimburse attorney fees that Third Wing paid to Buffalo Wild Wings International, Inc. ("BWWI").  Third Wing, a BWWI franchisee, and BWWI were defendants in a lawsuit alleging that Third Wing violated the Dram Shop Act.  As relevant to this appeal, Third Wing paid BWWI's attorney fees in the action under an indemnification clause of their franchise agreement.  It then filed this declaratory judgment action claiming that those attorney fees were "damages" that Columbia, its liquor liability insurer, was legally obligated to pay.  The court held that the franchisor's attorney fees were not damages because they did not involve an "injury" to which the franchisee's insurance policy applied.  The sole assignment of error contests the court's refusal to award attorney fees.  Columbia filed a cross-assignment of error relating to certain expert costs that were awarded but failed to file a notice of cross-appeal as required by App.R. 4(B)(1), so we disregard the cross-assignment of error.  *Kaplysh v. Takieddine*, 35 Ohio St.3d 170, 175, 519 N.E.2d 382 (1988).

I

{¶2} The issue was joined on cross-motions for summary judgment and stipulated facts, so the question presented on appeal is one we decide as a matter of law, with no

deference to the court's judgment.  Civ.R. 56(C); *Morehead v. Conley*, 75 Ohio App.3d 409, 411, 599 N.E.2d 786 (4th Dist.1991).

{¶3} Third Wing operates a Buffalo Wild Wings restaurant franchise under license from BWWI.  The franchise agreement contains an indemnity clause in which Third Wing agreed to hold BWWI harmless against all claims and costs arising from the operation of the restaurant, "including attorneys' fees[.]"  The franchise agreement also required Third Wing to carry liability insurance.  To that end, Third Wing took out a liquor liability policy with Columbia.

{¶4} In 2005, a customer left the Third Wing franchise and crashed his car. Tracey Glasney, a passenger in that car who suffered injuries in the crash, brought suit against Third Wing and BWWI.  She alleged that Third Wing violated the Dram Shop Act, R.C. 4399.18, by knowingly serving alcoholic beverages to the driver of the car, even though he was noticeably intoxicated.

{¶5} Third Wing forwarded the suit to Columbia.  Columbia provided a defense for Third Wing, but refused to provide a defense for BWWI because it was not an insured under the policy.  The *Glasney* action ultimately settled with Columbia agreeing to pay her $300,000 on behalf of Third Wing and BWWI agreeing to pay $7,500.

{¶6} Following settlement, BWWI demanded indemnification from Third Wing for the $7,500 it paid to Glasney in addition to $2,740 for expert's fees and $64,732 in attorney fees that it expended during the action.  Third Wing paid BWWI according to its

demand. It then brought this declaratory judgment action seeking a declaration that BWWI's attorney fees were "damages" for purposes of the Columbia policy.[1]

{¶7} The court acknowledged *Neal-Pettit v. Lahman*, 125 Ohio St.3d 327, 2010-Ohio-1829, 928 N.E.2d 421, as precedent for the proposition that attorney fees may constitute damages under an insurance policy, but distinguished that case because the attorney fees in that case were incurred and awarded to the plaintiff, who was also the injured party. The court found that the attorney fees sought by Third Wing were incurred solely as a result of BWWI defending itself in the *Glasney* litigation and were not awarded for an injury that was covered by the Columbia policy.

## II

{¶8} We construe insurance policies as a matter of law, *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978), paragraph one of the syllabus, and give them their plain and ordinary meaning. *Dairyland Ins. Co. v. Finch*, 32 Ohio St.3d 360, 362, 513 N.E.2d 1324 (1987). We cannot create ambiguity where none exists, but if a policy is ambiguous and susceptible to more than one reasonable interpretation, the ambiguity must be resolved in favor of the insured. *Hacker v. Dickman*, 75 Ohio St.3d 118, 119, 661 N.E.2d 1005 (1996).

{¶9} The Columbia policy states in pertinent part:

---

[1]The court found Columbia responsible for the $7,500 that BWWI paid to Glasney in settlement of the Dram Shop action and $2,740 in expert fees. Those awards are not a subject of this appeal.

We will pay those sums that you become legally obligated to pay as damages because of injury to which this insurance applies sustained by any person if liability for injury arises out of the selling, serving, or furnishing of any alcoholic beverage.

{¶10} The policy defines "injury" as "all damages, including damages because of bodily injury and property damage, and including damages for care, loss of services or loss of support."

{¶11} Third Wing argues that the Columbia policy did not define the word "damages" in the liquor liability policy, so that term must be expansively construed against Columbia (the drafter of the policy) to include *any* form of damages. Because attorney fees can sometimes be considered damages as held in *Neal-Pettit*, Third Wing argues that the attorney fees expended by BWWI in litigating the Glasney claim fell within the Columbia policy.

{¶12} Regardless of whether we "expansively" construe the Columbia policy in a manner suggested by Third Wing, we cannot consider the issue of damages unless and until there has been a compensable injury suffered by the insured. The Columbia policy states that Columbia will pay damages because of an "injury to which this insurance applies." The policy states that it applies only to an injury arising from the sale, service, or furnishing of alcoholic beverages. Third Wing's contractual obligation to indemnify BWWI was not an "injury" under the Columbia policy because it arose solely from the terms of the franchise agreement with BWWI. The duty to indemnify thus existed separate and apart from the liquor liability policy. In other words, the "injury" claimed

by Third Wing arose because of the indemnity clause in the franchise agreement, not from selling, serving, or furnishing alcoholic beverages.

{¶13} In *Erie Ins. Group v. Grange Mut. Cas. Co.*, 176 Ohio App.3d 7, 2008-Ohio-1295, 889 N.E.2d 585 (6th Dist.), the court considered a similar legal proposition. A guarantor co-signed an apartment lease that required the tenant to return the premises in the same condition as that received. A fire caused by the tenant's negligence destroyed the premises. After receiving an insurance pay-out, the owner of the apartment sued the tenant and the guarantor. The guarantor sought a legal defense from the insurance company that issued her homeowner's policy. The guarantor's insurer refused. The guarantor then negotiated a settlement with the owner of the apartment building. The owner of the apartment building then filed a claim against the guarantor's insurer, seeking compensation under her policy. The court affirmed a summary judgment for the insurance company, stating that the only connection between the insurance policy and the damages resulting from the fire was the contract entered into by the guarantor as cosigner of liability under the lease. *Id.* at ¶ 25. The court held that "the claims advanced here are contractual and not within the scope of the coverage granted in the policy." *Id.*

{¶14} As in *Erie Ins. Group*, the claim made by Third Wing was a contractual claim arising from a third party contract — the franchise agreement — with BWWI. It was not within the scope of coverage granted by the liquor liability policy so any claim

for attorney fees arising from Third Wing's settlement with BWWI was not covered. The court did not err by granting summary judgment.

{¶15} Judgment affirmed

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____

MELODY J. STEWART, PRESIDING JUDGE

MARY J. BOYLE, J., and
KENNETH A. ROCCO, J., CONCUR