[Cite as *Jones v. Cleveland Civ. Serv. Comm.*, 2016-Ohio-3169.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 103143**

---

## ALEXIS JONES

PLAINTIFF-APPELLEE

vs.

## CITY OF CLEVELAND
## CIVIL SERVICE COMMISSION

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-10-732908

**BEFORE:** E.T. Gallagher, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** May 26, 2016

**ATTORNEYS FOR APPELLANT**

Barbara A. Langhenry
City of Cleveland Law Director

BY:   Drew A. Carson
         Austin T. Opalich
Assistant Law Directors
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Benjamin Taylor
P.O. Box 471041
Cleveland, Ohio 44147

EILEEN T. GALLAGHER, J.:

{¶1} Appellant, city of Cleveland Civil Service Commission ("the Commission"), appeals the judgment of the Cuyahoga County Court of Common Pleas, which overturned the Commission's decision to uphold a ten-day suspension of appellee, Alexis Jones ("Jones"), from her position as a Claims Examiner with the city of Cleveland (the "city"), Department of Law. The Commission raises the following assignments of error for our review:

> 1. The trial court erred as a matter of law in its finding "that the city of Cleveland Civil Service Commission did not have a sufficient basis to find that Ms. Jones refused testing."
>
> 2. The trial court erred as a matter of law in its finding that disqualification from workers' compensation benefits is the exclusive discipline a city of Cleveland employee may be subjected to for refusing to test when ordered to do so following an on the job accident.

{¶2} Jones's brief contains two cross-assignments of error relating to portions of the trial court's judgment. Jones, however, failed to file a notice of cross-appeal as required by App.R. 4(B)(1). Accordingly, we disregard Jones's cross-assignments of error. *Third Wing, Inc. v. Columbia Cas. Co.*, 8th Dist. Cuyahoga No. 97622, 2012-Ohio-2393, ¶ 1, citing *Kaplysh v. Takieddine*, 35 Ohio St.3d 170, 175, 519 N.E.2d 382 (1988). *See also* App.R. 3(C)(1).

{¶3} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶4} This case originated in the court of common pleas as an administrative appeal from a final order of the Commission upholding a ten-day suspension of Jones following her alleged refusal to submit to a drug and alcohol test after an accident at work.

{¶5} On May 5, 2009, Jones slipped and fell while acting in the scope of her employment with the city. As a result of her accident, the Law Department's Office Manager, Vida Vest, directed Jones to submit to a post-accident drug and alcohol test.

{¶6} The city's authority to order Jones to submit to a post-accident drug and alcohol test is provided in the city's Drug and Alcohol Testing Policy ("DATP"), section V, which provides, in pertinent part:

> D. Post-Accident Testing may occur as soon as practicable after any incident or accident for all non-union employees * * *. An accident is defined as an unplanned, unexpected, or unintended event that occurs at or on a city worksite during an employee's work hours, or while conducting business for the City.

{¶7} DATP, section V, subsection (D)(2) sets forth the procedure to be used for a post-accident test, stating, in pertinent part:

> a. When an employee is involved in an incident/accident, the employee must report the incident/accident to the supervisor, manager, unit leader as soon as practicable.
>
> b. After notification of an accident, Labor Relations will review and may recommend post-accident testing.

c. Labor Relations will contact the testing facility. The employee will then report to the testing facility.

d.   When a post-accident test is ordered, and the employee refuses to test, or the result of the test is positive for drugs and/or alcohol, the employee may be disqualified for compensation and benefits under the Ohio Workers' Compensation Act.

e.   Employees that test positive after an accident remain subject to disciplinary action, up to and including termination.

**{¶8}** Relevant to the arguments raised on appeal, DATP, section VII, governs an employee's refusal to submit to drug and alcohol testing, stating, in pertinent part:

A.   An employee who fails to make him/her available for drug and alcohol testing when required * * * will be deemed to have refused to test.   An employee who refuses to submit to a drug and alcohol test may be subject to disciplinary action, up to and including termination.

B.   Refusal can include, but is not limited to, the following:

1.   Unauthorized departure from the worksite following notification of testing.

2.   Unauthorized departure from the testing facility prior to testing.

**{¶9}** Pursuant to the procedure set forth in the DTAP, Jones was taken to Eastside Occupational Health Center for medical examination and drug and alcohol testing.   At the testing center, Jones indicated that she did not want to be examined and stated she was not injured.   Jones was advised that she could not leave the premises or call her husband and was stopped when she attempted to do so.

**{¶10}** Jones underwent a medical examination, which revealed no physical injury or evidence of a physical injury.   Jones was then obliged to undergo a breath alcohol test and urine test.   The breath alcohol test revealed zero trace of alcohol.   Jones was then given a plastic cup and instructed to urinate into the cup in a private room.   Jones stated

that her first attempt to provide a urine sample failed because "the cup broke and fell into the toilet."

**{¶11}** Pursuant to the DATP, Jones was given 20 ounces of water and a second opportunity to provide a urine sample. However, after some time, Jones told the technician that she was unable to provide a urine sample despite her attempts.

**{¶12}** Ultimately, Jones chose to leave the testing center without providing a urine sample. Jones testified that she chose to leave the center because her "husband picks her up from work at 5:30 p.m., the workday had ended, and she had a meeting that evening regarding her dying father's end of life care."

**{¶13}** Nicole West, the city's Labor Relations Manager, testified that she explained to Jones the consequences of leaving the testing center before providing a second sample. West informed Jones that leaving the testing center and failing to provide a urine sample would be considered a "refusal to test" that had disciplinary consequences up to and including termination.

**{¶14}** The following morning, Jones reported to work and offered to return to the testing center to complete the urine sample. However, Jones was dismissed from work and sent home for the day.

**{¶15}** A pre-disciplinary hearing was scheduled before the director of law on May 7, 2009. At the conclusion of the hearing, Jones received a ten-day suspension. She appealed her suspension pursuant to Civil Service Rule 9.22 and received a hearing

before a neutral referee. On September 21, 2009, the referee recommended upholding the suspension.

**{¶16}** Jones then appealed to the Commission, arguing the city was not authorized to test her for drugs or alcohol under the DTAP because she was not injured as a result of her accident. On June 25, 2009, the Commission heard the appeal and upheld Jones's ten-day suspension.

**{¶17}** Subsequently, Jones filed an administrative appeal pursuant to R.C. Chapter 2506 with the common pleas court. On May 14, 2015, the trial court overturned the Commission's decision to uphold the suspension, finding that (1) "the Commission did not have a sufficient basis to find that Jones refused testing," and (2) the city was not authorized to suspend Jones's employment because "disqualification of workers' compensation benefits is the exclusive discipline for refusal to take a discretionary post [-] accident test order pursuant to [the city's DATP]."

**{¶18}** The Commission now appeals from the trial court's decision.

## II. Law and Analysis

### A. Standard of Review

**{¶19}** In *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 735 N.E.2d 433 (2000), the Ohio Supreme Court discussed the standard of review to be applied by common pleas courts and appellate courts in R.C. Chapter 2506 administrative appeals. The *Henley* court stated:

> The common pleas court considers the "whole record," including any new or additional evidence admitted under R.C. 2506.03, and determines

whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. *See Smith v. Granville Twp. Bd. of Trustees*, 81 Ohio St.3d 608, 612, 693 N.E.2d 219 (1998), citing *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 206-207, 389 N.E.2d 1113 (1979).

The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is "more limited in scope." * * * "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence' as is granted to the common pleas court." "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261, 533 N.E.2d 264, 267 (1988).

*Id*. at 147.

**{¶20}** Therefore, R.C. 2506.04 requires that this court "'affirm the common pleas court, unless [we] find, *as a matter of law*, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence.'" (Emphasis added.) *Wolstein v. Pepper Pike City Council,* 156 Ohio App.3d 20, 2004-Ohio-361, 804 N.E.2d 75, ¶ 21 (8th Dist.), quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). "[T]he ambit of 'questions of law' includes whether the common pleas court abused its discretion." *Wolstein* at ¶ 21, citing *Henley*. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### B.  Refusal of Testing

**{¶21}** In its first assignment of error, the Commission argues the trial court erred as a matter of law in finding "that the [Commission] did not have a sufficient basis to find that Ms. Jones refused testing."

**{¶22}** Within this assignment of error, the Commission argues the trial court improperly conducted a de novo review of this case. We disagree. Our review of the trial court's decision reveals that, as permitted under R.C. 2506.03, the trial court determined that the "Commission's finding that Jones refused to submit to testing [was] unreasonable and not supported by a preponderance of the evidence." In reaching this conclusion, the trial court considered the "whole record" and all relevant facts, including (1) Jones's submission to a breath alcohol test, (2) Jones's offer to provide a urine sample the following morning, and (3) the family circumstances that caused Jones to leave the testing facility before she could provide a urine sample. While the Commission disagrees with the trial court's examination and interpretation of the evidence in this case, we find nothing in the record to suggest the trial court acted outside the scope of its review under R.C. 2506.03.

**{¶23}** Moreover, we find the Commission has not set forth a sufficient argument that Jones's conduct constituted a refusal as a matter of law. Instead, the arguments raised within this assignment of error merely challenge the trial court's interpretation of the facts and its ultimate conclusion that Jones's "unauthorized departure from the testing facility should not be deemed a refusal to test"; a factual determination the court was entitled to make given the language in the DATP indicating that an unauthorized

departure from a testing facility does not automatically constitute a "refusal to test." *See* DATP, Section VII(B)(2) ("Refusal *can* include * * * unauthorized departure from the testing facility prior to testing."). (Emphasis added.) As stated, this court's review on appeal is limited to questions of law. Thus, we are not entitled to substitute our judgment with that of the trial court on questions of fact and may not reweigh the preponderance of the evidence supporting the Commission's decision as it relates to its interpretation of Jones's conduct on May 5, 2009. *See Hirsi v. Franklin Cty. Dept. of Job & Family Servs.*, 10th Dist. Franklin No. 13AP-39, 2014-Ohio-1804, ¶ 29; *Cooper State Bank v. Columbus*, 10th Dist. Franklin Nos. 14AP-414 and 14AP-415, 2015-Ohio-2533, ¶ 18.

**{¶24}** Applying our limited review, we find, as a matter of law, the decision of the common pleas court is supported by a preponderance of reliable, probative, and substantial evidence. Accordingly, the court did not abuse its discretion in overturning the decision to suspend Jones's employment with the city.

**{¶25}** The Commission's first assignment of error is overruled.

### C. Scope of Discipline for Refusal

**{¶26}** In its second assignment of error, the Commission argues the trial court erred as a matter of law in finding that disqualification from workers' compensation benefits is the exclusive discipline a city of Cleveland employee may be subjected to for refusing to test when ordered to do so following an on-the-job accident. However, based

on our resolution of the Commission's first assignment of error, we decline to address the arguments raised in the Commission's second assignment of error.

{¶27} In this case, the trial court ordered the city to purge Jones's employment records of the disciplinary suspension and to reimburse her for the loss of salary caused by the ten-day unpaid suspension, plus interest. Because the trial court did not err, as matter of law, in determining that "Jones's actions did not qualify as a refusal to test," arguments relating to whether the city was authorized under the DATP to suspend Jones's employment based on her refusal to test are now moot. In our view, a legal analysis concerning the scope of the discipline authorized under the policy would be purely academic and would have no practical effect on the legal relations between the parties. *Saffold v. Saffold*, 8th Dist. Cuyahoga No. 72937, 1999 Ohio App. LEXIS 2146, 3 (May 13, 1999).

### III. Conclusion

{¶28} The court did not abuse its discretion in overturning the decision to suspend Jones's employment with the city. As a matter of law, the trial court's decision is supported by a preponderance of reliable, probative, and substantial evidence.

{¶29} Accordingly, appellant's second assignment of error is moot.

{¶30} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR